# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 07-1323

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*

*v.*

DANIEL C. BURTON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 CR 0317—**Blanche M. Manning**, *Judge.*

_____

ARGUED MAY 6, 2008—DECIDED SEPTEMBER 11, 2008

_____


Before EASTERBROOK, *Chief Judge,* and WOOD and TINDER,
*Circuit Judges.*

WOOD, *Circuit Judge.* Daniel Burton pleaded guilty
to committing five bank robberies, see 18 U.S.C. § 2113(a),
and conspiring to commit bank robbery, see 18 U.S.C.
§ 371, after he and his confederates were caught trying
to rob the same bank for the second time, using exactly
the same kind of loot bag as they had used before. The
district court accepted the plea on September 19, 2006.

Before his sentencing hearing on January 31, 2007, Burton raised two objections to his presentence report (PSR). He reiterated those objections at the hearing, and also addressed the considerations outlined in 18 U.S.C. § 3553(a). After Burton was finished, the district court accepted the findings laid out in the PSR and sentenced him to the top of the range suggested by the Sentencing Guidelines, 188 months.

The problem that gave rise to this appeal arose from the manner—or perhaps more accurately the timing—of the district court's explanation of its sentencing decision. When it orally pronounced the sentence, the court explained itself as follows:

> Well, Mr. Burton, it does appear that you have—well, number one, I must acknowledge that you appear to be an extremely intelligent young man. Just looking at your writings and what have you, it seems unfortunate that you did not develop whatever talents you have to [do] something more positive in life.
>
> It's really most distressing to see somebody lead the kind of life that apparently you have, and it could have been so much better, it seems. Just listening to you in the time that you've appeared before me and in your writings, et cetera, it seems to me that you have a lot of potential, and that's most unfortunate.
>
> In any event, I have to agree with the Government, Mr. Burton. You have an extremely checkered past. Even in this particular case, the numbers involved, I keep taking into account that there is nobody suggesting you had a gun, but the inference was there

when you were committing the acts that you were scaring people. You were trying to make people think that you had a gun. You know, your conduct in this case has just been totally unaccepted [*sic*].

On February 12, the court docketed its judgment and appended an additional two pages, made available to the parties, entitled "Statement of Reasons [Not for Public Disclosure]." Burton had filed a notice of appeal ten days earlier, on February 2, but, under FED. R. APP. P. 4(b)(2), that notice was deemed filed as of February 12. The next day, the appeal was docketed in this court; shortly thereafter, Burton's trial counsel withdrew, and on February 21 briefing in this court was suspended.

Burton's appeal is based on the fact that the district court decided to file a more complete sentencing memorandum on March 26, long after the case was before this court. The five-page memorandum reiterated that the sentence was for 188 months' imprisonment and repeated what the district court had said about the objections to the PSR. The explanation in the March 26 memorandum of the court's assessment of the § 3553(a) factors, was, at a minimum, much more thorough than the reasons the court had offered orally, even though both supported the same outcome: a top-of-the-range sentence. Whether the memorandum was substantively different is a bone of contention between the parties. Importantly, however, nothing the district court did after the oral pronouncement of the sentence changed its final judgment: the court consistently said that Burton's sentence was for 188 months. Burton has limited his arguments on

appeal to two questions relating to the memorandum: first, whether the district court had jurisdiction to enter it at all, and second, whether he was deprived of his right to be present at a critical phase of his trial when the court entered it without giving him an opportunity to participate somehow in the process.

This court appointed counsel to assist Burton on appeal, and we appreciate counsel's efforts. Whether the district court retained the power to enter the memorandum when it did is a jurisdictional question that we review *de novo*. *United States v. Daddino*, 5 F.3d 262, 264, (7th Cir. 1993). We also decide for ourselves whether, if this is relevant, the March 26 memorandum adequately reflected the reasons given at the sentencing hearing, *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998), and whether the defendant was deprived of his right to be present at a crucial stage of the proceedings, *United States v. Smith*, 31 F.3d 469, 471 (7th Cir. 1994).

For the most part, the filing of a notice of appeal shifts jurisdiction from the district court to the court of appeals. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But there are exceptions to that rule. *Griggs* acknowledges that the district court is deprived of jurisdiction over only "those aspects of the case involved in the appeal." *Id.* Ancillary issues, such as attorney's fees, may still be dealt with by the district court even after an appeal has been lodged. The district court may also issue orders "in aid of the appeal, to correct clerical mistakes under [FED. R. CRIM. P. 36], or in aid of execution of a judgment that has not been stayed or superseded."

*Henry v. Farmer City State Bank*, 808 F.2d 1229, 1240 (7th Cir. 1986) (citing 9 MOORE'S FEDERAL PRACTICE ¶ 203.11, at 3-44 to 3-46). The crucial question in this case is therefore whether the district court was authorized to file the sentencing memorandum when it did.

We concluded that as long as the later statement does not in any way change the judgment of the court, the district court is entitled to enter it. We appreciate the fact that district courts may not be prepared at the time of a sentencing hearing to file, at the same moment, a fully considered written memorandum explaining the chosen sentence. But that is why a few days often pass between the oral pronouncement of a sentence and the docketing of the district court's judgment. The court is free—indeed, encouraged, see *United States v. Higdon*, 531 F.3d 561, 565 (7th Cir. 2008)—to file a written memorandum up to the time when the judgment is entered on its docket, and even thereafter, if a proper post-judgment motion has been filed. But even this kind of sentencing memorandum cannot effect a substantive change from the one announced at the hearing. As we often have noted, "[t]he rule in such situations is clear: If an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (quotation marks omitted).

Logically, there are three possibilities that might describe the March 26 memorandum: either it replicates the oral sentence for all practical purposes, or it expands on the judge's reasoning without changing the ultimate

judgment, or it modifies the judgment. The district court was without authority to make any substantive change in the sentence after the appeal was lodged in this court, and so it is easy to see why the memorandum must be stricken if the last situation holds. As we have said, however, that possibility is easy to reject here: Burton's sentence at all times has been for 188 months. If the March 26 memorandum is nothing but a wordier version of what the court said at the sentencing hearing, then neither the Government nor Burton loses anything by our either considering it or disregarding it. If Burton had raised an argument on appeal that depended on some difference between the two versions of the court's explanation, then we would have a more difficult case. At some point, the record should be closed so that appellate review can go forward. Once an appeal is proceeding, courts of appeals should not have to check the docket of the district court constantly to make sure that the judge has not added yet another statement about its sentencing decision. Indeed, at least one member of this court has expressed the opinion that the practice of filing a post-appeal opinion, while within the district court's power, is one that should be used sparingly. See *Matter of Jones*, 768 F.2d 923, 930-31 (7th Cir. 1985) (Posner, J., concurring). In this case, we have no need to say more about the district court's March 26 memorandum, because it did not come so late as to disrupt our proceedings, nor did it alter even the reasoning behind the judgment enough to cause concern. Burton has asked only for a new sentencing hearing, and we see no reason why the filing of the March 26 memorandum while this appeal was pending gives him that right.

This conclusion largely answers Burton's second point, which is that the district court deprived him of his right to be present at a crucial stage of the proceedings, namely, when the written judgment issued. Burton was indisputably present at the oral sentencing, which is the moment when the sentence attaches. See *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). A criminal defendant has no right to be present in the judge's chambers when she writes her sentencing memorandum or files it with the clerk.

We conclude by noting again that Burton has not presented any argument to us claiming that his sentence was either based on an erroneous calculation under the Sentencing Guidelines or was unreasonable. He has not argued that the court's oral explanation was so wanting that we must remand for that reason. Finally, if we were to grant Burton the new sentencing hearing he has requested, we see nothing to suggest that the district court would not repeat exactly what it has already said three times. We therefore AFFIRM the judgment of the district court.