NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011
Decided January 20, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2491

| | |
|---|---|
| ALBERT JACKSON, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
|     *v.* | |
| | No. 2:10-cv-26-LJM-DML |
| HELEN J. MARBERRY, | |
|     *Respondent-Appellee*. | Larry J. McKinney, |
| | *Judge*. |

**O R D E R**

Albert Jackson contends that he was sentenced to 40 months in prison, and that the Bureau of Prisons is erroneously executing a different sentence: 40 years' imprisonment. He petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, where he was incarcerated. The district court concluded that Jackson is serving the sentence actually imposed—480 months in prison—and denied his petition.

Jackson had already been convicted in 1991 of two cocaine-related offenses in the Central District of Illinois—and sentenced to 262 months' imprisonment—when, in 1994, a jury in the same district found him guilty of conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and possessing 500 or more grams of cocaine with intent to distribute, *see id.* §

841(a)(1). At sentencing, Judge Richard Mills determined that Jackson's guidelines imprisonment range was 360 months to life. The government recommended a sentence in the range of 360 to 480 months, consecutive to the sentence Jackson was serving. Jackson's attorney argued for 360 months, concurrent to the remainder of the 262-month term.

Judge Mills observed that Jackson had failed to accept responsibility for his actions, had testified falsely at trial, and had 10 prior convictions—8 of them drug-related—that needed to be taken into account. The judge also noted that Jackson was not a "small operator," but had been the head of a major drug conspiracy in Springfield for years:

> The amount of damage that you have done through your drug conspiracies has no place in society. It has caused harm and addiction, bodily harm, injuries that have taken place to both mind and body. You deserve to be taken out of society for the rest of your natural life.
> . . . .
> Nothing is certain, but when we consider age, the amount of time that he must serve under the prison sentence that he is serving now . . . and considering 360 at thirty years and 480 at forty, that is a figure that give [sic] us, I think, a reasonable estimate that Mr. Jackson will be serving the rest of his life behind bars, and rightly so.

Then, according to page 25 of the original transcript, Judge Mills imposed his sentence as follows:

> [I]t is the judgment of this Court that the Defendant, Albert Jackson, is hereby committed to the custody of the Bureau of Prisons, to be imprisoned for a term of forty months. This term consists of forty months on each of Counts 1 and 2—which would be eighty—to be served concurrently, one with the other, but consecutive to the current sentence being served at this time.

The written judgment, however, says that Jackson is to be imprisoned for 480 months, consecutive to his existing sentence.

Jackson argues in his § 2241 petition that, as a result of the oral pronouncement as reflected in the original transcript, he was sentenced to 40 months' imprisonment. The government acknowledges that an oral pronouncement controls over an inconsistent written judgment. *See United States v. Burton*, 543 F.3d 950, 953 (7th Cir. 2008). But in this case, the government argues, there was no inconsistency. After listening to an audio recording of the sentencing hearing, an assistant United States attorney concluded that the transcript was incorrect and moved Judge Mills to correct it under Federal Rule of Criminal

Procedure 36. Judge Mills did so after listening to the recording, ordering that the transcript be corrected by replacing the two instances of the word "forty" on page 25 with "four hundred and eighty."

Relying on that order, the court in the Southern District of Indiana concluded that Judge Mills had imposed a sentence of 480 months, and that there was no discrepancy between his oral pronouncement and the written judgment. Because Jackson is serving the sentenced imposed, the court denied his § 2241 petition.

Jackson maintains on appeal that Judge Mills actually sentenced him to 40 months in prison, but that argument is futile in the wake of Judge Mills' order correcting the transcript. (It is also inconsistent with our description of the sentence as 480 months when Jackson appealed his 1994 convictions. *See United States v. Jackson*, 61 F.3d 906 (7th Cir. 1995) (unpublished).) Jackson contends that the government improperly used Rule 36 to fix a "judicial gaffe" rather than a clerical error, *see United States v. Lawrence*, 535 F.3d 631, 635 (7th Cir. 2008); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008); in doing so, he says, Judge Mills imposed an illegal *new* sentence of 480 months' imprisonment. But in fact Judge Mills determined, after listening to the recording, that he said "four hundred eighty months" when he sentenced Jackson. His order, then, did not impose a new punishment, but simply fixed an error in transcription. That was appropriate, because such a mistake is clerical and within the scope of Rule 36. *See United States v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004); *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993).

Accordingly, we AFFIRM the judgment of the district court.