[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2003
THOMAS K. KAHN
CLERK

No. 00-13237
Non-Argument Calendar

D. C. Docket No. 98-00302-CR-T-24C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE PEASE,
a.k.a Magic,

Defendant-Appellant,

BEVERLY REEDY,
LATOYA PEASE,

Interested Parties,
Appellants.

Appeal from the United States District Court
for the Middle District of Florida

**(May 22, 2003)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

TJOFLAT, Circuit Judge:

Title 21 of the United States Code provides that a person convicted of a federal drug felony forfeits to the United States "(1) any property constituting, or derived from, any proceeds the person obtained . . . as the result of such [crime]," and "(2) any of the person's property used . . . to commit, or to facilitate the commission of, such [crime]." 21 U.S.C. § 853(a)(1)-(2). The forfeiture may be obtained in a civil in rem proceeding or in a criminal in personam proceeding. See United States v. Gilbert, 244 F.3d 888, 918-20 (11th Cir. 2001) (discussing the differences between civil and criminal forfeiture). In a criminal proceeding, the United States acquires the defendant's interest in the property, which is described in the indictment, if the Government establishes that such interest constitutes § 853(a) property, and the district court thereafter enters a final judgment adjudicating the defendant's guilt, imposing the defendant's sentence, and ordering forfeiture of the defendant's interest. 21 U.S.C. § 853(a); 18 U.S.C. § 3554; Fed. R. Crim P. 32.2.[1]

Once the defendant's interest in the subject property is forfeited by the entry of a final judgment, any person (other than the convicted defendant) claiming an

---

[1] In this case, we apply the predecessor to Rule 32.2 – Rule 32 – because Rule 32 was the Rule in effect on the date of the indictment which, in addition to charging criminal offenses, sought forfeiture.

interest in the property may commence an ancillary proceeding in the district court by petitioning the court pursuant to 21 U.S.C. § 853(n)(2) to enter an order declaring that his or her interest is superior to the defendant's interest (which the final judgment forfeited to the United States).[2] To prevail, the petitioner must establish by a preponderance of the evidence that his or her interest in the subject property was superior to any right, title, or interest the defendant may have possessed at the time he or she committed the offense giving rise to the forfeiture, or that he or she was a bona fide purchaser for value. 21 U.S.C. § 853(n)(6).[3]

---

[2] Section 853(n)(2) provides:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section [, i.e., § 853(a),] may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

[3] Section 853(n)(6) provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that –
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to

In the scenario before us, Andrew Pease ("the defendant") pled guilty on September 11, 1998, to conspiracy to possess with intent to distribute cocaine.[4] He pled pursuant to a plea agreement in which he agreed to forfeit to the United States his interest in certain real and personal property. After the plea was entered, but before sentencing, the court entered a preliminary order of forfeiture on January 4, 1999 pursuant to Rule 32 of the Federal Rules of Criminal Procedure.[5] At sentencing, however, which took place on January 29, 1999, the court failed to make the preliminary order of forfeiture a part of its judgment. The judgment the court entered recited that the defendant had been sentenced to prison for 360 months and five years' supervised release, but was entirely silent as to forfeiture. The defendant thereafter appealed his conviction and sentence. The Government could have cross-appealed the defendant's sentence under 18 U.S.C. § 3742(b) – specifically, the district court's failure to include an order of forfeiture in its final judgment – but did not do so. We affirmed the defendant's conviction and sentence on March 1, 2001. United States v. Pease, 240 F.3d 938 (11th Cir. 2001).

---

believe that the property was subject to forfeiture
under this section;
the court shall amend the order of forfeiture in accordance with its
determination.

[4] See 21 U.S.C. §§ 841(a)(1), 846.

[5] See infra Part II.A for the text of the Rule.

Our mandate issued on April 25, 2001.

I.

In September 1999, while the defendant's appeal was pending in this court, the Government, drawing on the preliminary order of forfeiture for its authority, published a notice informing third parties that the property described in the preliminary order had been forfeited to the United States and of their right to petition the district court pursuant to 21 U.S.C. § 853(n)(2), (6) for a declaration that they held an interest in such property and that their interest was superior to the defendant's (forfeited) interest. On September 27, 1999, Latoya Pease ("Pease") and Beverly Reedy ("Reedy"), the defendant's sister and mother, respectively, filed § 853(n)(2) petitions with the district court,[6] claiming an interest in some of the property described in the preliminary order of forfeiture.[7] The same day, the defendant, claiming an interest in three items listed in the preliminary order, also

---

[6] Pease and Reedy appeared through counsel.

[7] Pease claimed an interest in the orange 1995 Chevrolet Suburban identified in paragraph i of the preliminary forfeiture order. Reedy claimed an interest in three items identified in the preliminary forfeiture order: property located at 808 Daphne Drive, Brandon, Florida (item b); a red 1992 Chevrolet Suburban (item f); and a white 1996 Chevrolet pickup truck (item j). The Government later withdrew its forfeiture claims for the Daphne Drive property and the 1992 Suburban. Therefore, only the 1996 Chevrolet pickup truck is at issue in this appeal. Several other persons and entities also filed § 853(a) petitions. They either abandoned their petitions or entered into stipulations with the Government as to the disposition of their claimed interests. None of these petitions are before us, or are otherwise relevant, in this appeal.

filed a § 853(n)(2) petition.[8]  Shortly thereafter, the Government moved to strike

the defendant's petition on the ground that § 853(n)(2) prohibits a convicted

defendant from claiming an interest in property that had been forfeited.

On November 29, 2000, while the petitioners' claims and the Government's

motion to strike were pending, the defendant moved the district court to dismiss

the ancillary proceeding.  He contended that because the judgment in his criminal

case did not include a final order of forfeiture, the court lacked the authority to

entertain a § 853(n) ancillary proceeding.  Pease and Reedy subsequently moved

the court to dismiss the ancillary proceeding on the same ground.  Realizing that

the petitioners' motions might have merit – that the court's authority to hold an

ancillary hearing depended on the inclusion of a final order of forfeiture as part of

the judgment entered in the defendant's criminal case – the Government attempted

to avoid the problem the petitioners posed.  Citing Rule 36 of the Federal Rules of

Criminal Procedure, which authorizes a district court to correct "[c]lerical

mistakes in judgments," the Government moved the district court to amend the

judgment in the defendant's case to include a final order of forfeiture mirroring the

---

[8]  Acting pro se, the defendant claimed an interest in three items listed in the preliminary forfeiture order: property located at 4105 North 9th Street, Tampa, Florida (item a); property located at 808 Daphne Drive, Brandon Florida (item b); and a 1997 Yamaha Exciter Speedboat (item e).

preliminary order of forfeiture the court entered on January 4, 1999.

The district court referred the § 853(n)(2) petitions and the Government's Rule 36 motion to a magistrate judge, who held an evidentiary hearing on the merits of the petitions and considered whether the relief the Government was seeking constituted the correction of a "clerical mistake" within the intendment of Rule 36. At the conclusion of the hearing, the magistrate judge issued a report and recommendation which recommended that the district court grant the Government's motion and deny the § 853(n)(2) petitions. The magistrate judge concluded that Pease and Reedy had failed to satisfy the burden of proof prescribed by § 853(n)(6), and that the statute barred the defendant from claiming his interest in the forfeited property.[9] On June 6, 2000, the district court adopted the magistrate judge's recommendations, substantively amended the judgment in the defendant's case, and denied the petitioners' claims.[10] All three petitioners now appeal.[11]

---

[9] See supra notes 2-3.

[10] Although the district court granted the Government's motion, it did not issue an amended judgment. We assume that the court treated its ruling as having amended the judgment, even though the court did not notify the defendant of his right to appeal the judgment, as amended, as required by Rule 32(c)(5) of the Federal Rules of Criminal Procedure.

[11] Because, as noted in the text supra, § 853(n)(2) precludes the defendant from bringing an ancillary proceeding to obtain a determination of his interest in the forfeited property, and because our disposition of this appeal does not require that we consider whether the defendant has standing to pursue his interest in the subject property in the unique circumstances of this

-7-

II.

This appeal presents two legal questions. First, does the law require that a criminal forfeiture be made part of the judgment entered in the case, in which the court adjudicates the defendant's guilt and imposes sentence? Second, if the answer to that question is yes, does the district court's failure to include in its judgment a forfeiture order (which the parties' plea agreement called for) amount to a "clerical mistake" within the meaning of Rule 36 of the Federal Rules of Criminal Procedure?[12] We address these questions in order.

A.

The answer to the first question is clear. The United States cannot acquire a convicted defendant's interest in property forfeited under 21 U.S.C. § 853(a) unless and until the district court orders the interest forfeited as part of its judgment in the defendant's case. Section 853 is part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq., and states that

---

case, we conclude, for sake of discussion, that the defendant's petition is barred. Our reference to "appellants," therefore, refers to Pease and Reedy.

[12]The version of Rule 36 in effect at the time of the indictment provides:
> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

"[t]he court, in imposing sentence . . . shall order, in addition to any other sentence imposed pursuant to [Subchapter I] of [Chapter 13, Drug Abuse Prevention and Control,] that the person forfeit to the United States all property described in [§ 853(a)(1)-(2)]."[13] United States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001) ("[C]riminal forfeiture is part of a defendant's sentence."); see also United States v. L'Hoste, 609 F.2d 796, 812-13 (5th Cir. 1980) (holding that forfeiture should be ordered as part of a defendant's sentence).[14] In 1972, Rule 32 of the Federal Rules of Criminal Procedure was amended to provide a procedure for including an order of forfeiture as part of the defendant's sentence. See Fed. R. Crim. P. 32(d)(2) advisory committee's notes. In 1996, the Rule was amended as follows to authorize the district court to enter a preliminary order of forfeiture after the return

---

[13] In enacting the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., Congress replicated this requirement – that forfeiture occurs when the district court includes an order of forfeiture, as part of the defendant's sentence, in its judgment – in 18 U. S.C. § 3554:

> The court, in imposing sentence on a defendant who has been found guilty of an offense described in . . . [Chapters II or III] of the Comprehensive Drug Abuse Prevention and Control Act of 1970 shall order, in addition to the sentence that is imposed pursuant to the provisions of section 3551, that the defendant forfeit property to the United States. . . .

[14] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of a jury verdict of forfeiture or a plea of guilty providing for forfeiture:[15]

> If a verdict contains a finding that property is subject to a criminal forfeiture, or if a defendant enters a guilty plea subjecting property to such forfeiture, the court may enter a preliminary order of forfeiture after providing notice to the defendant and a reasonable opportunity to be heard on the timing and form of the order. The order of forfeiture shall authorize the Attorney General to seize the property subject to forfeiture, to conduct any discovery that the court considers proper to help identify, locate, or dispose of the property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties. At sentencing, a final order of forfeiture shall be made part of the sentence and included in the judgment. . . .

Fed. R. Crim. P. 32(d)(2) (emphasis added).

The issuance of a preliminary order of forfeiture under Rule 32(d)(2) does not relieve the district court of the obligation to include an order of forfeiture in its judgment if forfeiture to the United States is to come to fruition – that is, the Government actually acquires the defendant's interest in the subject property. This becomes clear when we note that a third party's right to petition the district court for an order declaring that its interest in the subject property is superior to

---

[15] The version of Rule 32, as amended in 1996, was in effect at the time of the defendant's indictment.

the defendant's interest (if any) does not come into being until the Government, "[f]ollowing the entry of an order of forfeiture under this section [, i.e., § 853(a),] publish[es] notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct." 21 U.S.C. § 853(n)(1). "[W]ithin thirty days of the final publication or his receipt of notice . . . whichever is earlier, [the third party may] petition the court for a hearing to adjudicate the validity of his alleged interest." Id. § 853(n)(2). If the third party fails to file a petition within thirty days of such notice, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." Id. § 853(n)(7). If, as the Government contends in this case, a third party's right to petition the court comes into existence when, as in this case, it publishes notice pursuant to a preliminary order of forfeiture, then § 853(n)(1)'s reference to the "entry of an order of forfeiture under this section," i.e., § 853(a), is effectively rewritten to provide that the Attorney General may issue a § 853(n)(1) notice pursuant to either a preliminary order of forfeiture or an order of forfeiture issued at sentencing, as part of the court's judgment.

Under the scenario the Government advances here – where the Attorney General may proceed pursuant to either order – suppose that prior to the

defendant's sentencing and the entry of judgment, (1) the district court enters a preliminary order of forfeiture, (2) the Attorney General publishes a § 853(n)(1) notice, (3) third parties file § 853(n)(2) petitions, (4) the court hears the petitions and, in accordance with § 853(n)(6), rejects the parties' petitions, and (5), in accordance with § 853(n)(7), the court grants the United States "clear title to the property that is the subject of the order of forfeiture." Suppose further that, as is the case here, the court does not include in its judgment, as part of the defendant's sentencing package, an order of forfeiture. In that case, the § 853(n) proceedings would have gone for naught. Or suppose that subsequent to the entry of the preliminary order of forfeiture, the district court, invoking its authority under Rule 29(b) of the Federal Rules of Criminal Procedure, grants the defendant's motion for judgment of acquittal on the count(s) of the indictment which provided the predicate for forfeiture, or the court, invoking Rule 33 of the Federal Rules of Criminal Procedure, grants the defendant a new trial on the same counts. The result would be the same as it is in the instant scenario – the § 853(n) ancillary proceedings would have gone for naught. What's more, the court would have wasted its judicial and parajudicial resources and put the parties to an expense they should not have been required to incur.

Rule 32(d)(2), as noted above, provides that if the court issues a preliminary

order of forfeiture, the Attorney General may, among other things, "begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties." The untoward scenarios we have portrayed – where the district court issues a preliminary order of forfeiture but for one reason or another does not include an order of forfeiture as part of the defendant's sentencing package and its judgment – would, in our view, be inconsistent with the "statutory requirements" of 18 U.S.C. § 3554, 21 U.S.C. § 853, and Rule 32(d)(2)'s requirement that, if forfeiture is to be granted to the United States, the defendant's judgment must contain an order of forfeiture, and our teachings in United States v. Gilbert. In sum, our answer to the first question – must criminal forfeiture be made a part of the judgment in the defendant's case – is yes.

Anticipating this conclusion, the Government urges us to affirm the district court's rejection of appellants' claims to the subject property, contending that our failure to do so would "subvert the intent of the plea agreement and the purpose of the forfeiture statutes to divest criminals of their ill-gotten gains." Government's Supp. Ltr. Bf. at 3. What the Government overlooks is that an affirmance would yield the same result as a reversal. If we affirm the district court, the appellants will take nothing; but, neither will the Government. The reason why the

Government will take nothing is that due to the absence of a forfeiture order in the judgment entered in the defendant's case, the United States did not acquire the defendant's interest in the subject property. In short, the parties would return to square one – their pre-indictment positions.[16] The result will be the same if we reverse the district court's decision; the parties will be restored to their pre-indictment positions.[17] This brings us to the question of whether the district court's amendment of the judgment in the defendant's case to include forfeiture as part of the defendant's sentence constituted a proper exercise of the court's authority, under Rule 36 of the Federal Rules of Criminal Procedure, to remedy clerical errors.

B.

Rule 36 authorizes the district courts to correct "[c]lerical mistakes in judgments . . . arising from oversight or omission . . . at any time." In this case, the oversight or omission was the Government's, not the district court's. The prosecutor simply forgot to ask the court during the sentencing hearing to provide

---

[16] We intimate no view as to whether the Government could successfully pursue civil forfeiture of the property, an in rem proceeding against the property pursuant to 21 U.S.C. § 881. See Gilbert, 244 F.3d at 918-20.

[17] Again, we intimate no view as to whether the Government could successfully pursue civil forfeiture.

as part of the sentencing package a provision that the defendant forfeit to the

United States his interest in certain properties.[18]  For purposes of this appeal,

_____

[18]The record of the defendant's sentencing hearing contains no evidence that the sentence the court announced from the bench included a final order of forfeiture.  To the contrary, the prosecutor appears to have mistakenly believed that the Government should seek a final order of forfeiture *after* sentencing.

> Prosecutor: Judge while it's true that we have forfeiture language and we have filed a bill of particulars I just looked through the file, there is no final order of forfeiture, and although that may be encumbered, we don't have it right now.
>
> Court: I don't think there's ever been a motion.
>
> Prosecutor: No.  No, and as I understand, they do that after, uh – after today's hearing. . . .

Therefore, in this case, we are not confronted with a factual scenario in which the court's written judgment differs from the sentence the court announced from the bench.  United States v. Ridgeway, 319 F.3d 1313, 1315 (11th Cir. 2003) (noting that an oral sentence controls when it is in conflict with the written judgment of conviction) (citing United States v. Jones, 289 F.3d 1260, 1264 n.5 (11th Cir. 2002) and United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990)).

It is apparent from the above remarks that the prosecutor believed that the defendant's sentencing could take place on two occasions.  On the first occasion, the court would sentence the defendant to prison (or, if the law permitted it, to probation), and impose a fine or restitution, if such were called for by the Sentencing Guidelines.  Once this sentencing took place, the defendant would have ten days to appeal his sentence pursuant to 18 U.S.C. § 3742(a).  This is what occurred in the instant scenario; the defendant appealed his sentence pursuant to § 3742(a) (along with his conviction), and we affirmed.  On the second occasion, in the prosecutor's view, the court would hold a second sentencing hearing, solely for the purpose of ordering forfeiture.  Since, as we explain in the text, forfeiture is part of a defendant's sentencing package, the defendant would have the right to appeal the forfeiture.  In this case, the prosecutor never returned for the second sentencing hearing.  Rather, the Government sat on its hands until the appellants moved to dismiss the ancillary hearing on the ground that the judgment in the defendant's case contained no order of forfeiture.

In sum, forfeiture is part of the defendant's sentencing package for an obvious reason.  The magnitude of the forfeiture may influence how the court treats the other parts of the package.  For example, if forfeiture is sizeable, the court may impose a fine at the bottom of the Sentencing Guidelines' range or, if the forfeiture would render the defendant impecunious, perhaps no fine at all.  The two-step sentencing scenario the Government proposed in the defendant's case turns

however, we will assume that the Rule embraces errors arising from counsel's, rather than the court's, oversight or omission.

The Government concedes, as it must, that the district court erred in applying Rule 36 as it did in the defendant's case. Rule 36 can be used to correct "clerical" errors; it cannot be used, as it was here, to make a substantive alteration to a criminal sentence. See United States v. Whittington, 918 F.2d 149, 151 (11th Cir. 1990); see also United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995) ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.") (internal quotation marks omitted); United States v. Daddino, 5 F.3d 262, 264 (7th Cir. 1993) ("[R]ecent cases and commentary flesh out the parameters of Rule 36 and demonstrate that this exception does not apply to errors made by the court itself."). In short, the district court misused Rule 36 to modify the defendant's sentence in a substantive way.

In addition to misapplying Rule 36, the court acted without jurisdiction. The defendant's case was still pending on appeal when, on June 5, 2000, the district court amended the judgment to include an order of forfeiture. It is settled law that the appeal of a judgment in a criminal case deprives the district court of

common sense on its head.

-16-

jurisdiction to amend the judgment (except for clerical errors pursuant to Rule 36).

See, e.g., United States v. Vicaria, 963 F.2d 1412, 1415 (11th Cir. 1992).

In a final effort to obtain a forfeiture order, the Government asks that we remand this case to the district court with an instruction to correct the judgment in the defendant's case pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.[19] The problem with this request is that the defendant's criminal case is not before us; we disposed of the appeal in that case nearly two years ago, when the mandate issued on April 25, 2001. The case before us is an ancillary proceeding, a civil case. See United States v. Gilbert, 244 F.3d 888, 906-07 (11th Cir. 2001). Even if we were to assume that the instant case is a criminal case, meaning that Rule 35(a) might apply, we would have no basis for remanding the case with the instruction that the district court amend the judgment to provide for forfeiture. The Rule permits a district court to correct a sentence that we have

_____

[19] Entitled "Correction or Reduction of Sentence," the version of Rule 35(a) in effect at the time of the defendant's indictment provides:

> The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of the law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court–
> > (1) for imposition of a sentence in accord with the findings of the court of appeal; or
> > (2) for further sentencing proceedings, if after such proceedings, the court determines that the original sentence was incorrect.

"determined on appeal under 18 U.S.C. § 3742 to have been imposed in violation of the law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable . . . ." Fed. R. Crim. P. 35(a). As we have noted, the Government failed to appeal the defendant's sentence – for failure of the district court to order forfeiture as part of the sentence – thus, the purported error is not before us.

## III.

For the foregoing reasons, the district court's order is REVERSED. On receipt of our mandate, the district court shall dismiss the ancillary proceeding for lack of an order of forfeiture.[20]

SO ORDERED.

---

[20] The import of this ruling is that the preliminary order of forfeiture entered on January 4, 1999, expired on January 29, 1999, when the court sentenced the defendant.