[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10514

_____

D. C. Docket Nos. 05-80677-CV-KLR & 04-08007-CR-KLR

FREDERICK JOHNSON,

                                                            Petitioner-Appellee,

                                    versus

UNITED STATES OF AMERICA,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 8, 2007)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

The Government appeals the district court's order vacating defendant Frederick Johnson's original 188-month sentence and imposing the alternative 120-month sentence announced at the sentencing hearing. We affirm.

Johnson pled guilty to one count of possession with the intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841. The district court sentenced Johnson to 188 months' imprisonment under the then-mandatory federal Sentencing Guidelines. The court, aware that *United States v. Booker* was pending before the Supreme Court, also announced an alternative sentence (as was its custom) of 120 months' imprisonment in the event the Sentencing Guidelines were not mandatory. The Government did not raise any objections to the alternative sentence. Johnson's judgment and commitment order (J&C order) reflected only the 188-month sentence.

After the Supreme Court issued *United States v. Booker,* 125 S. Ct. 738 (2005), Johnson moved the district court to vacate the original sentence and impose the alternative sentence. The district court granted Johnson's motion, relying on Federal Rule of Criminal Procedure 36.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Fed. R. Crim. P. 36. Rule 36 cannot be used to make substantive alterations to a sentence. *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003). However, a district court may use Rule 36 at any time to correct "clerical" errors in the written judgment, for example, to ensure that the judgment conforms to the oral sentence. *United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004) ("Where a sentence that is pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement controls.").

Under the unique facts of the instant case, the district court did not err in relying on Rule 36 to impose the alternative 120-month sentence. At sentencing, the district court clearly announced an alternative sentence to which the Government raised no objection. Johnson's J&C order contained a clerical error insofar as it did not reflect the 120-month alternative sentence. The district court properly relied on Rule 36 to correct the clerical error and impose the alternative sentence after *Booker* was issued. Accordingly, we affirm the district court's imposition of the alternative sentence of 120 months' imprisonment.

**AFFIRMED.**

3