[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2008
THOMAS K. KAHN
CLERK

No. 07-14509
Non-Argument Calendar

_____

D. C. Docket No. 04-00335-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 11, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Reynaldo Ramirez appeals his convictions and sentences for conspiracy and

possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  For the reasons set forth below, we affirm.

Ramirez first argues that, at his plea hearing, the district court failed to apprise him fully of the consequences of his guilty plea by not informing him that his property may be subject to forfeiture.  Because Ramirez did not present this argument before the district court, we review for plain error only.  *See United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000).  Under the plain error standard of review, Ramirez "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).  The test for showing that the error affected substantial rights, and thus "the outcome of the district court proceedings," is the formulation of a reasonable probability of a different result, which means a probability "sufficient to undermine confidence in the outcome."  *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotation marks omitted).

Federal Rule of Criminal Procedure 11(b) lists certain items that a district

court must address before it accepts a defendant's guilty plea. Fed. R. Crim. P. 11(b); *see also United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). While a district court is not required to repeat word-for-word the language of Rule 11, the court is required to address the Rule's core concerns, which are: (1) that the guilty plea is voluntary; (2) that the defendant understands the nature of the charges; and (3) that the defendant is aware of the consequences of his plea. *Id.* So long as these core concerns are addressed, and the defendant does not otherwise demonstrate that a variance from Rule 11 affected his substantial rights, reversal is not required. *See United States v. Moriarty*, 429 F.3d 1012, 1020 (11th Cir. 2005) (per curiam). In *Moriarty*, we concluded that, although the district court erred in failing to advise the appellant of all the information contained in Rule 11, the court's error was harmless, and the appellant's convictions were due to be affirmed, because the appellant did not even attempt to show, nor did the record demonstrate, that he would not have entered the plea but for the error. *Id.* at 1020. We also pointed out that the record did not demonstrate that the appellant expressed any confusion during his plea colloquy. *Id.* at n.5.

The district court informed Ramirez of the most serious consequences of his plea—namely, his maximum term of incarceration—and the record does not demonstrate that he misunderstood the indictment's forfeiture provision, nor that

he suffered any prejudice as a result of the court's failure to discuss the provision. Moreover, the magistrate judge reviewed the indictment, including the forfeiture provision, at the arraignment. Thus, the district court did not plainly err by accepting his plea of guilty without explicitly discussing the forfeiture provision.

Ramirez next contends that the district court committed plain error by entering a final order of forfeiture without first entering a preliminary order specifying any specific property to be forfeited. Because Ramirez did not object below on this basis, our review is again for plain error only. *See Gresham*, 325 F.3d at 1265. Rule 32 requires that, "[a]s soon as practicable after" a defendant has been convicted, the government may apply for a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(1). At that point, the district court must determine what asserts are subject to forfeiture, and if the forfeiture is contested, the court must make such a determination based on the evidence presented during a post-conviction forfeiture hearing. *Id.* The preliminary order of forfeiture permits the Attorney General to seize the forfeited property, *see* Fed. R. Crim. P. 32.2(b)(3), but it is not the final step in the forfeiture process. Rather, the district court must issue a final order of forfeiture as part of its judgment in the defendant's case." *United States v. Pease*, 331 F.3d 809, 813 (11th Cir. 2003).

Because the government never subjected any of Ramirez's assets to

4

forfeiture, he suffered no prejudice as a result of the district court's failure to comply with Rule 32, and, therefore, the court did not plainly err.

Accordingly, we affirm.

**AFFIRMED.**