In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 08-4033 and 09-1048

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSE L. QUINTERO,

*Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 3:08-cr-00088-bbc-1—**Barbara B. Crabb**, *Chief Judge.*

ARGUED MAY 26, 2009—DECIDED JULY 13, 2009

Before EASTERBROOK, *Chief Judge,* and BAUER and
POSNER, *Circuit Judges.*

BAUER, *Circuit Judge.* A grand jury charged Jose Luis
Quintero with conspiracy to possess with intent to dis-
tribute cocaine. 21 U.S.C. § 846. Included in the indictment
was a count for the forfeiture of a 1983 Chevrolet Caprice.
Quintero pleaded guilty and, pursuant to the plea agree-
ment, agreed that he would not challenge the forfeiture
of the car.

After Quintero entered his plea, a preliminary order of forfeiture was entered. At sentencing, although the district court sentenced Quintero to 64 months' imprisonment, the court neither mentioned the forfeiture of the Caprice nor included the forfeiture in the written follow-up judgment.

Quintero appealed from the judgment of conviction. A day after Quintero filed his notice of appeal, the government moved to amend Quintero's judgment to include the omitted forfeiture of the Caprice under Federal Rule of Criminal Procedure 36. Quintero argued that his notice of appeal divested the district court of subject matter jurisdiction and that the government's motion to include the car's forfeiture was not an attempt to correct a clerical error, but to substantively amend his sentence. The district court found the omission a clerical error under Rule 36; it ordered that the forfeiture provision be included in the judgment. The district court then signed a final order of forfeiture for the Chevy Caprice.

This timely appeal followed.

Quintero argues that the district court lacked the authority to amend the written judgment to include the forfeiture. This raises a question of law, and our review of the district court's authority is de novo. *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993).

Quintero argues that the district court lacked jurisdiction to substantially modify his sentence to include forfeiture because no mention of forfeiture was made

during the oral pronouncement of his sentence or in the written judgment. Quintero claims that the district court lacked the authority to amend the judgment after a notice of appeal had been filed.

According to Quintero, Fed. R. Crim. P. 36, which permits district courts to correct clerical errors in judgments at any time, does not apply because there was no clerical error, and the government's motion to amend the judgment required a substantive modification of the criminal sentence. Quintero argues that we should follow *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003). There, pursuant to a plea agreement that included a forfeiture count, a defendant pleaded guilty and the district court entered a preliminary order of forfeiture. *Id.* at 811. The court, however, sentenced the defendant but did not raise the issue of criminal forfeiture. *Id.* The Eleventh Circuit held that an attempt to amend the judgment to include the forfeiture was a substantive alteration of a sentence, which the district court lacked the jurisdiction to make. *Id.* at 815-16.

We disagree; we find that the district court had jurisdiction to amend the judgment to include the forfeiture. The failure to include the forfeiture of the '83 Caprice in the judgment was a clerical error, which courts have jurisdiction to correct at any time. The district court corrected the criminal judgment to include what everyone intended, expected, and agreed to in the plea agreement. Quintero's indictment included the forfeiture; he agreed to the forfeiture in his plea; he waived all challenges to the forfeiture; and the district entered a

preliminary order of forfeiture. The district court did not re-write history, or substantially modify the sentence, when it amended the judgment. The proceedings leading up to sentencing demonstrated that the district court intended, and all parties understood, that the Caprice would be forfeited. Indeed, Fed. R. Crim. P. 32.2(b)(3) required the clerk to include this agreed forfeiture in the judgment even though no one mentioned the subject at sentencing.

In *Young v. United States*, 489 F.3d 313, 316 (7th Cir. 2007) we "suggested disagreement with the conclusion that a failure to incorporate the order of forfeiture into the judgment of conviction undermines a criminal forfeiture." Now, we affirmatively rule that the failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36. *See United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005); *United States v. Bennett*, 423 F.3d 271, 281 (3d Cir. 2005); *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001); *United States v. Hatcher*, 323 F.3d 666, 673-74 (8th Cir. 2003).

Finally, while it is true that, in general, filing a notice of appeal shifts jurisdiction from the district court to the court of appeals, a district court still retains authority to correct clerical errors under Rule 36 when that does not affect an issue already before the appellate court. Compare *United States v. Burton*, 543 F.3d 950, 952 (7th Cir. 2008), with *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008).

The district court properly corrected a clerical error—the failure to include the forfeiture of the 1983 Caprice in the judgment—under Rule 36. Therefore, we AFFIRM.