[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13324
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:07-cr-60007-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael Phillips appeals pro se the denial of his motion to revisit his

sentence. Phillips argues that the district court lacked authority to sentence him as

a career offender because another court had ruled that his two prior felony convictions were related. We affirm.

The district court did not err because Phillips was not entitled to any form of cognizable relief. Even if we look "behind the label of" Phillips's motion, his action is not "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990). The district court lacked jurisdiction to modify Phillips's sentence more than seven days after it was imposed. See Fed. R. Crim. P. 35(a) (2007). Phillips could not obtain relief under Federal Rule of Civil Procedure 36 because he sought "to make a substantive alteration to [his] criminal sentence," United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003), and a motion for relief from his sentence would be dismissed as successive, see Fed. R. Civ. P. 60(b); Gonzalez v. Crosby, 545 U.S. 524, 531–32, 125 S. Ct. 2641, 2647–48 (2005); Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). Phillips also could not obtain a writ of habeas corpus because his petition would be barred as successive and he does not seek relief based on a new rule of constitutional law or newly discovered evidence. See 28 U.S.C. §§ 2241, 2255.

We **AFFIRM** the denial of Phillips's motion.