**UNITED STATES of America,**
**Plaintiff,**

v.

**Carlos R. DIAZ–RIVERA, Defendant.**

**CR. No. 10–297 (BJM).**

United States District Court,
D. Puerto Rico.

June 30, 2011.

Silvia L. Carreno–Coll, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

## *ORDER*

BRUCE J. McGIVERIN, United States Magistrate Judge.

Defendant Carlos Díaz–Rivera ("Díaz") pled guilty to two counts of knowing and willful possession without a permit of parts of two green sea turtles (*Chelonia mydas*), an endangered species, in violation of the Endangered Species Act ("ESA" or "Act"), 16 U.S.C. §§ 1538(a)(1)(D), (G), 1540(b)(1), and of aiding and abetting same, in violation of 18 U.S.C. § 2. (Docket Nos. 1, 41). Diaz was sentenced to twelve months' probation and a special monetary assessment of $25. (Docket Nos. 40, 46, 48). After judgment had been entered (Docket No. 49), the government moved for forfeiture of a vehicle that had been retained as evidence pending the disposition of the case, pursuant to 16 U.S.C. § 1540(e)(4)(B). (Docket No. 50). Defendant opposed and requested a hearing. (Docket No. 51).

At the hearing on April 7, 2011, Diaz argued, and the government conceded, that he is not the legal owner of the vehicle. The government acknowledged that it has not provided notice to the vehicle's true legal owner, whose identity is known to the government. The court ordered the parties to file briefs on the question of whether forfeitures under section 1540(e)(4)(B) must comply with the procedural requirements of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(a)(1)(F). (Docket No. 55). The parties filed their respective briefs accordingly. (Docket Nos. 62, 64). For the reasons that follow, the government's motion for forfeiture is **denied.**

## BACKGROUND

With certain exceptions not relevant here, the ESA prohibits any person subject to United States jurisdiction to "possess, sell, deliver, carry, transport, or ship, by any means whatsoever," any listed endangered species of fish or wildlife without a permit, or to "violate any regulation pertaining to such species." 16 U.S.C. § 1538(a)(1)(D), (G). The Act imposes on "[a]ny person who knowingly violates any provision of this chapter" criminal penalties of a fine of not more than $50,000 or imprisonment for not more than one year, or both. 16 U.S.C. § 1540(b)(1). In turn, Section 1540(e)(4)(B) of the Act provides that "[a]ll . . . vehicles . . . used to aid the taking, possessing, selling, purchasing, offering for sale or purchase, transporting, delivering, receiving, carrying, shipping, exporting, or importing of any fish or wildlife or plants in violation of this chapter . . . shall be subject to forfeiture to the United States upon conviction of a criminal violation pursuant to subsection (b)(1) of this section." 16 U.S.C. § 1540(e)(4)(B).

CAFRA outlines the notice requirements "in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties." 18 U.S.C. § 983(a)(1)(A). If the government does not provide proper notice "to the person from whom the property was seized," then CAFRA provides that "the Government shall return the property to that person without prejudice to the right of the Government to com-

mence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess." 18 U.S.C. § 983(a)(1)(F).

## DISCUSSION

■ According to the stipulated facts in defendant's plea agreement, Diaz was pulled over by police in Hatillo on February 13, 2010, and arrested for driving under the influence of alcohol. At the time of Diaz's arrest, officers recovered a bag containing sea turtle meat, for which defendant had no permit. (Docket No. 41, p. 10). The government's motion seeks forfeiture of a 1997 Toyota 4Runner which the government alleges is the vehicle in which Diaz was pulled over while transporting the turtle parts.[1] (Docket No. 50). Since Diaz does not own the vehicle, the parties dispute whether the government is entitled to forfeiture absent proper notice to the legal owner. While I find that the government is not required to comply with CAFRA's notice requirements, I nevertheless conclude that the government's motion must be denied due to its failure to comply with the criminal forfeiture provisions of the Federal Rules of Criminal Procedure.

Diaz argues that the forfeiture sought by the government constitutes a civil forfeiture and therefore the government must comply with CAFRA section 983's notice requirements for civil forfeiture proceedings. (Docket No. 64, p. 2–3). The government contends (Docket No. 62, p. 2–3) that the ESA provision at issue provides for criminal, not civil, forfeiture. That the plain language of the statute allows for forfeiture only "*upon conviction*

of a criminal violation pursuant to subsection (b)(1) of this section," 16 U.S.C. 1540(e)(4)(B) (emphasis added), suggests that the government's reading, not defendant's, is correct. In a recent case from another district court in this circuit, the court determined that section 983 of CAFRA does not apply to cases under section 1540(b)(1) of the ESA "because the ESA conditions forfeiture of the truck on a criminal conviction." *Del. Valley Fish Co. v. Fish & Wildlife Serv.*, 2009 WL 1706574, at *10 (D.Me. June 12, 2009). The plaintiffs in that case sued the defendants over the lengthy detention of the plaintiffs' truck during a pre-indictment criminal investigation under the ESA. In a report and recommendation, the magistrate judge explained:

> The statute in question [CAFRA] is limited to a "nonjudicial civil forfeiture proceeding under a civil forfeiture statute." 18 U.S.C. § 983(a)(1)(A)(i). The term "civil forfeiture statute" is defined as "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." *Id.* § 983(i)(1). Here, the truck is made forfeitable under the ESA only upon conviction, so section 983 does not apply.

*Id.* While neither party cited to this case in their briefs, I find the *Delaware Valley* court's explanation persuasive. I therefore conclude that because section 1540(e)(4)(B) is a criminal forfeiture provision, the government is not required to comply with CAFRA section 983 in seeking forfeiture of the 4Runner pursuant to Diaz's conviction.

■ This does not end the matter, however, since the government has not com-

---

1. The government's motion specifies the vehicle's license plate number, CTW 401, and vehicle identification number ("VIN"), JT3GN86R2V0042993, in addition to the make and model. (Docket No. 50). None of this information is included in the indictment or the plea agreement.

plied with the required procedure for property subject to criminal forfeiture under the Act. Regulations promulgated for the enforcement of the ESA "establish procedures relating to property seized or subject to forfeiture under" the Act. 50 C.F.R. §§ 12.1, 12.2(h). These regulations provide that in criminal prosecutions, "[i]f property is subject to criminal forfeiture, such forfeiture will be obtained in accordance with the Federal Rules of Criminal Procedure." 50 C.F.R. § 12.21.

Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture. In requiring notice to the defendant, the Rule states that "[a] court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed.R.Crim.P. 32.2(a). The court must determine what property is subject to forfeiture "as soon as practical" after accepting a guilty plea "on any count in an indictment or information regarding which criminal forfeiture is sought." Fed.R.Crim.P. 32.2(b)(1)(A). If it finds that property is subject to forfeiture, the court "must promptly enter a preliminary order of forfeiture . . . without regard to any third party's interest in the property." Fed.R.Crim.P. 32.2(b)(2)(A). "Unless doing so is impractical, the court must enter the preliminary order sufficiently *in advance of sentencing* to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant . . ." Fed.R.Crim.P. 32.2(b)(2)(B) (emphasis added). The preliminary order becomes final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." Fed.R.Crim.P. 32.2(b)(2), (b)(4)(A). "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed.R.Crim.P. 32.2(b)(4)(B).

If the court enters a preliminary order as to specific property, then "the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding" that may be held regarding third-party claims to the property. Fed.R.Crim.P. 32.2(b)(6), (c)(1). The court enters a final order of forfeiture after determining the forfeitable property interests of the defendant and any third party who makes a timely claim. Fed. R. Cr. P. 32.2(c).

■ Regarding timing, the Rule unambiguously requires the court to enter a preliminary forfeiture order prior to sentencing. *See* 3 Charles A. Wright & Sarah N. Welling, *Federal Practice and Procedure: Criminal* § 573 (4th ed. 2011) (citing Advisory Committee Note to 2009 amendment of Fed.R.Crim.P. 32.2(b)(2)(B)). A court has no authority under Rule 32.2 to order criminal forfeiture after a defendant has been sentenced and judgment has been entered, where there is no mention of forfeiture in the sentence or judgment. *See United States v. Crutcher,* 689 F.Supp.2d 994, 1001–04 (M.D.Tenn.2010) (court cannot circumvent the procedure of Rule 32.2 to enter a preliminary order of forfeiture after defendant had been sentenced and his appeal had become final); *United States v. King,* 368 F.Supp.2d 509, 511–13 (D.S.C.2005) (denying government's motions for preliminary forfeiture order and for amendment of judgment after sentencing, where no preliminary order had been entered before sentencing, forfeiture was not discussed at sentencing, and written judgment was silent on forfeiture). *See also United States v. Petrie,* 302 F.3d 1280, 1283 (11th Cir.

2002) (vacating preliminary forfeiture order entered six months after sentencing; holding, under former version of Rule 32.2, that forfeiture order must be made a part of the sentence and included in the judgment).

Pursuant to 2009 amendments, Rule 32.2 now allows the court to use Rule 36 to correct its failure to "include the forfeiture order, directly or by reference, in the judgment." Fed.R.Crim.P. 32.2(b)(4)(B), *abrogating United States v. Pease*, 331 F.3d 809, 811 (11th Cir.2003) (holding that, where preliminary order of forfeiture was entered but written judgment did not include final order, Rule 36 could not be used to add criminal forfeiture to judgment after sentencing). However, the amended Rule still does not allow the court to amend judgment to add a forfeiture order where none was included at sentencing. Fed. R. Cr. P. 32.2(b)(4)(B) ("[t]he court *must* include the forfeiture when orally announcing the sentence or *must* otherwise ensure that the defendant knows of the forfeiture *at sentencing*") (emphasis added). And Rule 35, which gives a court fourteen days to correct a sentence that "resulted from arithmetical, technical, or other clear error," likewise does not allow the court to substantively alter a criminal sentence by adding a forfeiture order. Fed.R.Crim.P. 35(a); *Petrie*, 302 F.3d at 1283 (nothing in Rule 35 provides a basis for modifying judgment to enter forfeiture order after time window for correcting clear error in sentence has passed).

None of the procedures mandated by Rule 32.2 have been followed here. Neither the indictment nor the plea agreement makes any mention of the government's intent to seek forfeiture of the vehicle (or any other property). The government did not request forfeiture of the vehicle, which was held as evidence in the case, until after Diaz had already been sentenced and judgment entered. Unsurprisingly, I never entered a preliminary order of forfeiture prior to sentencing, and the sentence and judgment did not include a forfeiture order.

The government argues that Diaz lacks standing to challenge the forfeiture motion because he admittedly does not own the vehicle. (Docket No. 62, p. 2). While a defendant may not object to the entry of a final forfeiture order on the ground that the property belongs to a third party, Fed. R.Crim.P. 32.2(c)(2), this does not excuse the government's failure to request forfeiture of the vehicle at the proper time. *See* Fed.R.Crim.P. 32.2(b)(2)(B) (preliminary order must be entered in advance of sentencing to give parties time to suggest changes before order becomes final). Moreover, despite the government's arguments to the contrary, it still would be required to provide notice to the known third-party owner of the vehicle even if it had properly sought forfeiture from the beginning. Fed.R.Crim.P. 32.2(b)(6).

## CONCLUSION

For the foregoing reasons, the government's motion for forfeiture is **DENIED**.

**IT IS SO ORDERED.**