[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12092
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00002-LC-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN PHILLIPS,
a.k.a. Miami Duke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(January 11, 2013)

Before TJOFLAT, MARTIN and FAY , Circuit Judges.

PER CURIAM:

On July 8, 1999, Warren Phillips, having been found guilty by a jury on

three counts of drug trafficking, was sentenced concurrently to life imprisonment

and two concurrent terms of 360 months.   On March 16, 2012, Phillips moved the

District Court pursuant to Federal Rule of Criminal Procedure 36 to correct errors in the Government's enhancement information, filed pursuant to 21 U.S.C. § 851, which notified him that, because he had two or more prior felony drug convictions, the mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(a)(1) applied.  If the court corrected the errors, he thought, it would have to vacate the life sentence he received and impose a new sentence.  The court denied his motion, and he appeals its decision.  We affirm.

We review *de novo* the district court's application of Rule 36.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).  Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  However, Rule 36 "cannot be used . . . to make a substantive alteration to a criminal sentence."  *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003).

Because Phillips did not actually seek to correct a clerical error of the type within the scope of Rule 36, but instead was seeking to substantively modify his life sentence, the District Court correctly determined that he was not entitled to relief.

AFFIRMED.

2