[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14598
Non-Argument Calendar
_____

D.C. Docket No. 0:03-cr-60235-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNE SOREIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2013)

Before DUBINA, Chief Judge, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Arne Soreide appeals the district court's order denying his *pro se*

motion, pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"), to correct

an alleged clerical error from his 2006 resentencing.  As background, Soreide was convicted of 68 counts, including conspiracy to commit wire fraud, filing a fraudulent tax return, filing a fraudulent corporate tax return, mail and wire fraud, money laundering, and engaging in prohibited monetary transactions.  Soreide was subject to a criminal forfeiture, of which the government provided Soreide with notice in his indictment.  Following his conviction, the district court promptly entered a preliminary order of forfeiture for real property at 195 Alexander Palm Road, Boca Raton, Florida, and a monetary judgment of $7.5 million, and a second preliminary order of forfeiture for the proceeds from the sale of a Days Inn and Suites Hotel located in Jacksonville, Florida, as substitute assets.  During its original sentencing, the court orally adopted the two preliminary forfeiture orders and provided for forfeiture of the property in its written judgment.  Subsequently, the court entered two more preliminary orders for forfeiture of the substitute assets of Soreide's interest in the proceeds of an insurance policy held by Utica Mutual Insurance Company in the sum of $99,327.98, and Soreide's interest in the proceeds of the sale of 550 SE 9th Street, Delray Beach, Florida.

On direct appeal, we affirmed Soreide's convictions, but vacated his sentence and remanded for resentencing under an advisory sentencing guidelines scheme.  *United States v. Soreide*, 177 F. App'x 31, 34-35 (11th Cir. 2006) (unpublished).  On remand for resentencing, the district court: (1) incorporated all

2

four preliminary orders of forfeiture into its oral judgment; (2) incorporated all four preliminary orders into its amended written judgment; and (3) specified the forfeited properties and monetary judgment in the amended written judgment. The court also entered final orders of forfeiture for each of the forfeited properties.

In his Rule 36 motion, Soreide requested that the district court comply with Federal Rule of Criminal Procedure 55, and Federal Rules of Civil Procedure 54(b), 58(b), and 79(a) and set out his forfeiture order and monetary judgment in a separate document and properly record the information on the docket. The district court denied Soreide's Rule 36 motion without comment.

On appeal, Soreide argues that his interests in the properties were never forfeited because the district court did not orally pronounce forfeiture at his original sentencing hearing. He also claims that the amended written judgment conflicts with the oral pronouncement at his resentencing. Finally, Soreide argues that his sentence should be vacated because the district court deleted 46 entries from the docket, and his restitution order must be changed to "joint and several" with another individual. In his reply brief, he adds that his motion did not rely on any Federal Rules of Civil Procedure, but referenced them as they are referenced in the Advisory Committee Notes to Federal Rule of Criminal Procedure 55.

We review *de novo* the district court's application of Rule 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 provides that "the court

may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36.  However, Rule 36 "cannot be used . . . to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003).

A criminal forfeiture occurs when a defendant is divested of the profits of the illegal activity for which he was convicted.  *United States v. Connor*, 752 F.2d 566, 576 (11th Cir. 1985).  Federal Rule of Criminal Procedure 32.2 ("Rule 32.2") outlines the procedure that a court must follow for criminal forfeitures.  First, Rule 32.2 requires the government to afford the defendant notice in the indictment that it intends to seek the forfeiture of property as part of the defendant's sentence. Fed.R.Crim.P. 32.2(a).  Second, following a guilty verdict or plea, the district court must determine what property is subject to forfeiture and then it "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed.R.Crim.P. 32.2(b)(1)-(2).  At sentencing, the preliminary order of forfeiture becomes final "as to the defendant."  Fed.R.Crim.P. 32.2(b)(4)(A).  The district court must include the forfeiture when orally pronouncing the sentence or otherwise ensure the defendant's knowledge of the forfeiture and must include the

4

order in the defendant's written judgment.  Fed.R.Crim.P. 32.2(b)(4)(B).  The court's preliminary order of forfeiture becomes final unless a third party asserts an interest in the property, in which case the court must enter a final order of forfeiture.  Fed.R.Crim.P. 32.2(c)(2).

"[C]riminal forfeiture is part of a defendant's sentence."  *United States v. Gilbert*, 244 F.3d 888, 924 (11th Cir. 2001).   Rule 32.2 "contemplates final disposition of forfeiture issues, as regards a defendant, at the time of sentencing." *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002).  "[A]ll post-sentencing activities authorized by Rule 32.2 concern third-party interests." *Id.*  Therefore, a forfeiture error is appealable by a defendant only in the context of a sentence appeal.  *See Pease*, 331 F.3d at 817 (holding that the government's challenge to a judgment's lack of a forfeiture order was not before us because the government did not appeal the defendant's sentence).  A defendant may not challenge a criminal forfeiture order under Federal Rule of Civil Procedure 60(b) because the civil rules do not provide for relief in a criminal case.  *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that, rather than filing a Rule 60(b) motion, a party should challenge the forfeitures on direct appeal).

Soreide was subject to a criminal, not civil, forfeiture, and we conclude from the record that the district court complied with Rule 32.2.  Its oral pronouncement at resentencing incorporated the four preliminary orders of forfeiture, and the

written judgment correctly listed the assets from those preliminary orders. To the extent Soreide attempted to rely on Federal Rule of Criminal Procedure 55, this rule does not require that the order of forfeiture be on a separate docket entry. Furthermore, there is no error stemming from Soreide's original judgment because this court has already vacated that sentence. Finally, Soreide's newly raised arguments regarding potentially deleted docket entries and the restitution order are outside the scope of the order being appealed, and, thus, we decline to consider them. Accordingly, because there is no clerical error in his judgment, the district court did not err by denying Soreide's motion and we affirm the district court's order.

**AFFIRMED.**