[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11966
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20807-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO HERNANDEZ,
a.k.a. Peter Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 17, 2019)

Before TJOFLAT, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Pedro Hernandez pled guilty to conspiring to commit wire fraud and health care fraud. As part of his plea agreement, he agreed to pay $11,525,227 in restitution, and he agreed to make restitution payments jointly and severally with his co-conspirators. The District Court sentenced Hernandez to 96 months' imprisonment and ordered Hernandez to pay $11,527,227 in restitution, jointly and severally with his co-conspirators. He did not appeal his sentence or move to vacate it under 28 U.S.C. § 2255.

More than two and a half years later, Hernandez moved the District Court to correct the presentence investigation report ("PSI") under Rule 36 of the Federal Rules of Criminal Procedure. He raised two "clerical" errors. First, he claimed the amount of restitution computed in the PSI violates the Eighth Amendment, federal statutory law, and Supreme Court precedent. He argued that he should not have been ordered to pay restitution because, as a salaried employee of the company that perpetrated the wire fraud, he did not share in the profits. Second, Hernandez claimed the mass-marketing enhancement, imposed under U.S.S.G. § 2B1.1(b)(2)(A)(ii) was improper. He argued that the enhancement was improper because the recipients of the mass-marketing campaign were not victims of the fraud. The District Court denied the motion. Hernandez now appeals *pro se*.

We review *de novo* legal issues presented in a Rule 36 motion to correct a judgment. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (per

curiam).  Under Rule 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  *Id.*  For example, a district court may use Rule 36 to correct a clerical error in a judgment to ensure that the judgment matches the oral sentence.  *Id.*  By contrast, "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence.'"  *Id.* (quoting *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003)).

Here, Hernandez's proposed amendments are clearly substantive.  He argues that restitution is inappropriate because he did not share in the company's profits.  This is a factual dispute, and changing the judgment on this basis would mean changing the substance of the judgment.  He also challenges his Guideline calculation.  This is a legal argument, and changing the judgment on this basis would also mean changing the substance of the judgment.

Accordingly, we affirm the District Court.

**AFFIRMED.**