NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMIN A. RASHID,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1809

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02213-EGB, Senior Judge Eric G. Bruggink.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Amin A. Rashid's complaint.  Mr. Rashid opposes the motion and moves for summary reversal.  Mr. Rashid also submits his informal opening brief.

Mr. Rashid alleges in his complaint that federal agents seized $1,132,146.00 from Jose Grajales in connection with Mr. Grajales' arrest in 1991 and that Mr. Grajales assigned

all rights, title, and interest in that property to Mr. Rashid in November 1995.  Mr. Rashid alleges that he demanded return of that property on May 20, 1996, but the government denied his claim.

On November 24, 2021, Mr. Rashid filed a complaint in the Court of Federal Claims seeking damages in the same amount, invoking that court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1).  The Court of Federal Claims issued an order dismissing the complaint for lack of jurisdiction, concluding that it was out of time under the applicable six-year statute of limitations, 28 U.S.C. § 2501.  The court later denied reconsideration.  Mr. Rashid then appealed to this court.  We have jurisdiction over his appeal under 28 U.S.C. § 1295(a)(3).

We agree that summary affirmance is appropriate here because there is no "substantial question regarding the outcome" of Mr. Rashid's appeal.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).  The Supreme Court has held that for a suit to come within the jurisdiction of the Court of Federal Claims under the Tucker Act, it must be filed within the six years permitted by the statute of limitations.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134, 136 (2008).  The Court of Federal Claims here correctly held that Mr. Rashid's claim was filed out of time.  All the events that formed Mr. Rashid's alleged basis for his claim occurred more than 25 years before he filed his complaint.

The Court of Federal Claims was clearly correct in rejecting Mr. Rashid's argument that his claim did not accrue until he only recently became aware of a 1992 entry on the public docket in Mr. Grajales' criminal proceeding that, according to Mr. Rashid, reveals that the government's basis for denying his claim was allegedly false.  To the extent Mr. Rashid asserts a claim under the Takings Clause, such a claim accrues when "the claimant knew or should have known that the claim existed."  *Navajo Nation v. United*

*States*, 631 F.3d 1268, 1276 (Fed. Cir. 2011). The Court of Federal Claims correctly held in this case that Mr. Rashid at least "should have known" that his claim existed based on that public record more than six years before filing the present action.

We have considered Mr. Rashid's other arguments but do not find them to raise a substantial question as to the outcome of his appeal. Mr. Rashid argues that his claim did not accrue until he learned about the United States Court of Appeals for the Eleventh Circuit's decision in *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003), but even if that decision were somehow relevant to when his claim accrued, his claim would still have been filed out of time. We also reject Mr. Rashid's suggestion that the continuing claims doctrine applies here. That doctrine does not apply when the claim is based on a "single distinct event," here the government's refusal to return the money. *Brown Park Ests.-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). Finally, the jurisdictional nature of the statute of limitations makes equitable tolling unavailable. *See FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012).

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted. The Court of Federal Claims' judgment is summarily affirmed.

(2) All pending motions are denied as moot.

4                                                                    RASHID v. US

(3)  Each side shall bear its own costs.

FOR THE COURT

August 8, 2022                          /s/ Peter R. Marksteiner
      Date                              Peter R. Marksteiner
                                        Clerk of Court


ISSUED AS A MANDATE:  August 8, 2022