# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4263

———————

United States of America,                     *
                                              *
    Plaintiff - Appellee,             *
                                              *  Appeal from the United States
v.                                            *  District Court for the
                                              *  Eastern District of Arkansas.
Roger Koch,                                   *
                                              *
    Defendant - Appellant.            *

———————

Submitted: February 15, 2007
Filed: June 29, 2007

———————

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

———————

LOKEN, Chief Judge.

Australian national Roger Koch entered into a Plea Agreement and pleaded guilty to visa fraud and money laundering. He agreed to forfeit assets listed in Exhibit 1 to the Plea Agreement, including real estate and other property located in Australia. Consistent with the Plea Agreement, the district court entered a Preliminary Order of Forfeiture encompassing those assets. At sentencing, the parties and the district court agreed to continue the forfeiture portion of the sentencing because more time was needed to resolve Australian property issues. The court entered a final Judgment in a Criminal Case in July 2001 that contained no forfeiture provision. In December 2002, the court entered a Final Order of Forfeiture consistent with the Plea Agreement. Koch did not object or appeal.

In 2005, having served his prison sentence and returned to Australia, Koch appeared in The Supreme Court of Victoria at Melbourne to oppose registration of the Final Order of Forfeiture. Mark F. Hampton, Koch's attorney in these criminal proceedings, filed a lengthy supporting Affidavit in the Australian court, asserting that the Final Order of Forfeiture "has no effect at all for the very reason that the Preliminary Order of Forfeiture was not made part of Roger Koch's sentence and included in the judgment," as required by Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. We have carefully reviewed this Affidavit and conclude that it affirmatively misrepresented some facts regarding these proceedings, stated other facts that were literally true but obviously intended to mislead or deceive the Australian court, and made assertions regarding American law that were unsupported and wrong, including assertions inconsistent with our recent decision in United States v. Hatcher, 323 F.3d 666, 673-74 (8th Cir. 2003).[1]

The government responded to these developments by moving for entry of an amended Judgment incorporating by reference the Final Order of Forfeiture. The district court[2] granted the motion, relying on our decision in Hatcher and concluding that the failure to include a forfeiture provision in the initial Judgment was a clerical error subject to correction under Rule 36 of the Federal Rules of Criminal Procedure. Koch appeals. For three distinct reasons, we affirm.

1. Rule 32.2(b)(3) provides: "At sentencing . . . the [preliminary] order of forfeiture becomes final as to the defendant *and must be made a part of the sentence*

---

[1]For these reasons, if attorney Hampton does not comply with the directive set forth in the last paragraph of this opinion, the panel will ask the active judges to issue an order to show cause itemizing the misrepresentations and misstatements of law contained in the Affidavit and requiring Hampton to show cause why his license to practice before this court should not be suspended or revoked.

[2]The HONORABLE WILLIAM R. WILSON, JR., United States District Judge for the Eastern District of Arkansas.

*and be included in the judgment.*"  (Emphasis added.)  Koch has asserted to the Australian court, through attorney Hampton's Affidavit, that the Final Order of Forfeiture is invalid because the district court's initial Judgment did not comply with this provision in Rule 32.2.  However, Koch's Plea Agreement provided:

> The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

It is undisputed that the preliminary and final forfeiture orders encompassed only property that Koch, in the Plea Agreement, agreed to forfeit and warranted belonged to him "and not to any other person."  Thus, these orders imposed a forfeiture sanction "carried out in accordance with" the Plea Agreement.

Provisions of the Federal Rules of Criminal Procedure are "presumptively waivable."  United States v. Mezzanatto, 513 U.S. 196, 201 (1995).  Here, Koch  in the Plea Agreement knowingly waived Rule 32.2(b)(3)'s requirement as well as his right to challenge the forfeiture orders.  In these circumstances, we conclude that Koch breached the Plea Agreement by objecting to registration of the forfeiture orders in the Australian court, *and* by contesting the government's motion to amend in the district court and in this court.  Therefore, the order of the district court must be affirmed.  We leave for further proceedings in the district court the question whether the government is entitled to recover its reasonable attorneys fees as damages for these breaches of the Plea Agreement.

2. At Koch's sentencing, the government made a U.S.S.G. § 5K1.1 motion and recommended that the district court grant a fifty percent downward departure.  In arguing for a greater departure equal to time served, attorney Hampton stated:

[Y]our Honor, we are going to ask the Court to leave this sentencing hearing open and come back to this Court on a later date because we are going to have to take up additional aspects of forfeiture. . . . [T]here's a lot of assets over in Australia . . . . It would . . . expedite the reaching of an agreement . . . if my client was out and able to . . . access individuals over in Australia to expedite the forfeiture aspects of this case.

The government joined in the request to continue the forfeiture aspect of sentencing. The district court asked if that was permissible. Counsel for the government replied, "I see the statute says . . . the forfeiture is at the time of sentencing, but I see nothing that prohibits . . . continuing the sentencing for purposes of accepting a final order of forfeiture."[3] The court then continued the sentencing only as to forfeiture and failed to include a forfeiture provision in the initial Judgment, as Rule 32.2(b)(3) requires. In these circumstances, the district court correctly applied Hatcher in ruling that this omission was "a clerical error in a judgment" that Rule 36 allowed the court to correct at any time. In arguing to the contrary, Koch relies on United States v. Pease, 331 F.3d 809, 815-16 (11th Cir. 2003). That case is factually distinguishable. Moreover, the Eleventh Circuit's application of Rule 36 in Pease was rejected and our decision in Hatcher followed in United States v. Bennett, 423 F.3d 271, 276-82 (3d Cir. 2005).

3. We agree with other circuits that have enforced forfeiture orders not initially referenced in the judgment of conviction on the ground that Rule 32.2(b)(3)'s written judgment requirement "is largely a housekeeping rule and does not itself go to any fundamental rights of defendants." United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005); see Young v. United States, 2007 WL 1224480 at *2 (7th Cir. Apr. 9, 2007); Bennett, 423 F.3d at 281-82; United States v. Loe, 248 F.3d 449, 464 (5th Cir.), cert. denied, 534 U.S. 974 (2001). Here, as in those cases, Koch has made no

---

[3]The statutes authorizing forfeiture for money laundering and fraud offenses provide that the court "shall order" forfeiture "in imposing sentence on a person convicted" of a violation but do not require that the forfeiture be included in the judgment. See 18 U.S.C. §§ 982(a)(1) and (a)(6).

showing that failure to incorporate a forfeiture provision in the initial Judgment prejudiced any of the rights that Rule 32.2(b)(3) in some circumstances protects, such as the right to have the entire sentence imposed as a package and reviewed in a single appeal. Thus, even if the subsequent entry of an amended Judgment referencing the Final Order of Forfeiture was an improper use of the court's Rule 36 power to correct clerical errors, the Final Order of Forfeiture would still be valid and fully enforceable, in this country and presumably in Australia.

For all of these reasons, the order of the district court dated November 21, 2005, is affirmed. The government's motion to correct and supplement the record on appeal is granted. Attorney Mark F. Hampton is hereby directed, as an officer of the court, (1) to file with The Supreme Court of Victoria at Melbourne, within ten days of the issuance of this court's mandate, a copy of this opinion, certified by the Clerk of this court, and an affidavit or application to withdraw attorney Hampton's factually and legally inaccurate Affidavit of September 14, 2005; and (2) to file with this court, within ten days thereafter, proof of compliance with this directive.

_____