**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5094**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

EMMANUEL THAD EREME,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:02-cr-00478-PJM-2)

———————

Submitted: July 13, 2009          Decided: July 31, 2009

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael E. Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Deborah Johnston, Bryan E. Foreman, Christen A. Sproule, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Thad Ereme is serving 144 months in prison for conspiracy to dispense, distribute and possess with intent to distribute Schedule II controlled substances, in violation of 21 U.S.C. § 846 (2006), as well as several counts of unlawfully dispensing various Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) (2006). On direct appeal, this court affirmed Ereme's conviction and sentence, but dismissed his appeal of the district court's preliminary forfeiture order. See United States v. Ereme, 2007 WL 1046887, *1 n.1 (4th Cir. Apr. 9, 2007) (Nos. 05-4263, 05-4327, 06-4575).

In this present appeal, Ereme challenges the district court's order denying his motion to vacate the district court's preliminary forfeiture order against him or, in the alternative, for an evidentiary hearing on the Government's motion for a final forfeiture order. Ereme asserts that the district court erred when it relied on the mandate rule to deny his motion to vacate the preliminary forfeiture order because he contends that the district court lacked subject matter jurisdiction to enter the order after final judgment was entered and, accordingly, his post-appeal challenge to the validity of that order was not foreclosed by the mandate rule. Because the preliminary forfeiture order was purportedly invalid, Ereme asserts that the district court's final forfeiture order is also invalid. Ereme

2

also asserts that the district court erred when it ordered forfeiture of Ereme's home without conducting an evidentiary hearing to determine what amounts, if any, were collected toward satisfying the forfeiture amount from his "co-defendants." Finding no error, we affirm.

First, the district court correctly refrained from considering the validity of its preliminary forfeiture order on Ereme's motion to vacate because Ereme had an opportunity to challenge that order on his direct appeal to this court, but waived any challenges he may have had. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted). The law of the case must be applied:

> "in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

3

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Because Ereme's claims do not fall within any of the exceptions to the law of the case doctrine, he was foreclosed by his prior, unsuccessful appeal from litigating the validity of the preliminary forfeiture order on his subsequent motion to vacate.

We reject Ereme's suggestion that the district court's failure to strictly follow Fed. R. Crim. P. 32.2 divested it of subject matter jurisdiction to issue the preliminary forfeiture order after entering final judgment. Ereme does not allege that he was unaware at the time he was sentenced that a forfeiture order would be filed against him. To the contrary, the Government's indictment explicitly included forfeiture allegations and referenced Ereme's home as a possible substitute asset. Moreover, a bifurcated jury proceeding was held on the forfeiture issue and the jury returned a verdict specifically assessing the forfeiture amount. It was Ereme's own objection to the Government's proposed entry of a preliminary forfeiture order that caused the district court to forego including the jury's forfeiture verdict in its final judgment. Accordingly, we find that the district court's entry of its preliminary forfeiture order, only ten days after entry of judgment, was not jurisdictionally flawed. Rather, it constituted merely a brief

technical delay, brought about by and insisted upon by Ereme himself. See United States v. Koch, 491 F.3d 929, 931-32 (8th Cir. 2007) United States v. Yeje-Cabrera, 430 F.3d 1, 13-15 (1st Cir. 2005); United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001).

We also find that the district court did not err in denying Ereme's request for an evidentiary hearing on the Government's motion for a final forfeiture order to determine what amounts, if any, had been collected from his "co-defendants" toward satisfaction of the forfeiture amount. Ereme was the sole defendant named in the indictment and the preliminary forfeiture order was entered only against him. Since no other order exists declaring that any other individual was in any way responsible for payment of the forfeiture amount, Ereme is solely and individually responsible for the entire settlement of that order.* The cases relied upon by Ereme to support his argument are not to the contrary. See United States v. Pitt, 193 F.3d 751, 765 (3d Cir. 1999) (interpreting 18 U.S.C. § 982(a)(1) (2006)'s forfeiture requirement as

---

*  No forfeiture orders were filed in any of Ereme's co-conspirators' separate actions. See United States v. Wheatley, 8:02-cr-478-PJM-1 (D. Md. Feb. 7, 2005); United States v. Jackson, 8:02-cr-478-PJM-3 (D. Md. May 25, 2006); and United States v. Jackson, 8:02-cr-478-PJM-4 (D. Md. March 29, 2005).

5

imposing a rule of joint and several liability and applying it to two individuals who "*were both convicted as coconspirators*") (emphasis added); United States v. Saccoccia, 62 F. Supp. 2d 539, 542 (D.R.I. 1999) (holding that the amount the defendant must forfeit "must be reduced by amounts already forfeited *by his co-defendants pursuant to the forfeiture judgments entered against them in this case*") (emphasis added).

Based on the foregoing, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED