NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3879
_____

UNITED STATES OF AMERICA

v.

MICHAEL J. GRASSO, JR.,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 00-cr-00051)
District Judge: Hon. Stewart Dalzell

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2009

Before: McKEE, CHAGARES, and NYGAARD, *Circuit Judges*

(Opinion Filed: April 20, 2010)

OPINION

McKEE, *Circuit Judge*.

   Michael Grasso appeals the district court's order granting the government's motion

to amend Grasso's sentence to include an order of forfeiture in the form of a money

judgment in the amount of $2,844,591.77.  For the reasons that follow, we will affirm.

**I.**

1

Inasmuch as we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case, except insofar as may be helpful to our brief discussion.

Judge Schiller originally sentenced Grasso to a period of incarceration of ninety-seven months followed by three years of supervised release, and he imposed a fine, restitution, and a special assessment. Judge Schiller also granted the government's motion for an order of forfeiture, and issued a forfeiture judgment in the amount of $2,844,591.17. An order of forfeiture and judgment was included in the court's sentence both in his oral announcement of Grasso's sentence and in the written judgment.

We affirmed the conviction, but vacated the sentence and remanded so Judge Schiller could clarify the factual findings underlying the restitution. *See United States v. Grasso*, 381 F.3d 160, 171-72 (3d Cir. 2004).

Thereafter, the Supreme Court granted *certiorari*, and remanded the case to us "for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005)," *Grasso v. United States*, 544 U.S. 945, 945 (2005) (mem.), and we remanded to the district court for resentencing.

On remand to the district court, Judge Schiller recused himself and the case was reassigned to Judge Dalzell. He imposed the same term of imprisonment and supervised release that Judge Schiller had imposed as well as a fine and a special assessment. Judge Dalzell also ordered restitution in an amount that was to be determined following a test-

mailing of restitution checks to Grasso's victims. However, neither Judge Dalzell's oral announcement of Grasso's sentence, nor the written judgment of sentence included a forfeiture order.[1]

On September 25, 2006, we affirmed the district court's judgment of conviction and sentence in an unpublished opinion. *See United States v. Grasso*, 197 F. App'x 200, 207 (3d Cir. 2006). On June 4, 2007, the government filed a renewed motion for an order of forfeiture and forfeiture money judgment. Judge Dalzell granted the government's motion and amended the judgment to include a final forfeiture order in the form of a money judgment in the amount of $2,844,591.17. In doing so, Judge Dalzell concluded that the failure to initially include a forfeiture order was a "clerical error" that could be corrected through the use of Fed. R. Crim. P. 36.[2]

This appeal followed.[3]

## II.

---

[1] There was a brief discussion during resentencing regarding the amount of the forfeiture money judgment, with Grasso's counsel agreeing that the amount was "[a]pproximately 2.6 million," *see* Appellee's Supp. App. 415, but the majority of the hearing focused on the issue of restitution. Grasso then appealed the amended sentence.

[2] Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the question of law that is raised is plenary. *See United States v. Bennett*, 423 F.3d 271, 274 (3d Cir. 2005).

Grasso argues that the district court's use of Rule 36 to amend his sentence to include a forfeiture order of $2,844,591.17 was improper because the omission of a forfeiture order is not a "clerical error" that could be corrected pursuant to Rule 36. Rather, Grasso argues that the forfeiture order is a substantive amendment that is not permitted under Rule 36, and he cites: *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003); *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003); *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993).

The government contends that Grasso's argument is foreclosed by our decision in *Bennett*. We agree. *See* 423 F.3d at 281-82. There, we affirmed the use of Rule 36 in circumstances analogous to those before us here. The district court in *Bennett* failed to include a forfeiture order in either the oral pronouncement of the sentence or the written sentencing order. 423 F.3d at 273. However, the parties had stipulated to the forfeiture order, and the district court had issued a preliminary order of forfeiture. *See id.* at 274. Three years after the sentence was initially imposed, the court relied on Rule 36 to amend Bennett's sentence to include a forfeiture order. *Id.* at 277. In affirming the district court's use of Rule 36 to amend the sentence, we explained that there was "no unfair surprise, no dispute about the dollar amount of forfeiture, and no suggestion that anyone else [was] entitled to keep the money." 423 F.3d at 281. The same is true here.

Grasso attempts to discount the relevance of *Bennett* by focusing on the absence of a stipulation here, and the absence of a preliminary order of forfeiture. Those are not

4

material differences. The stipulation and preliminary order in *Bennett* merely precluded the possibility of surprise or prejudice. *Cf. Bennett*, 423 F.3d at 282 (mentioning the stipulation and preliminary order in the context of a discussion about notice to the defendant). Given the prior proceedings before Judge Schiller, Grasso was not prejudiced by Judge Dalzell's forfeiture order, and he surely should not have been surprised by it.

Moreover, on December 1, 2009, while this appeal was pending, the Federal Rules of Criminal Procedure were amended. As amended, Rule 32.2(b)(4)(B) now states:

> The court must include the forfeiture when orally announcing the sentence or must *otherwise ensure that the defendant knows of the forfeiture at sentencing*. The court must also include the forfeiture order, directly or by reference, in the judgment, *but the court's failure to do so may be corrected at any time under Rule 36*.

(Emphasis added).

In light of our holding in *Bennett* and the recent amendment to the Federal Rules of Criminal Procedure, we conclude that the district court did not err in using Rule 36 to amend Grasso's sentence to include a forfeiture order.

**IV.**

For the forgoing reasons, we will affirm the district court's judgment.