GREGORY, Circuit Judge,
concurring in part and dissenting in part:
Although I concur in Parts I and II.A of Judge Duncan’s opinion rejecting appellant’s requested remedy of suppression, I am compelled to dissent from Parts II.B and III.
Not a single case, published or unpublished, has done what today’s majority does: it holds that even if a punishment of forfeiture is not discussed at sentencing or ordered in judgment, a defendant can still be subject to that punishment if she has notice that such punishment may be ordered.
It is undisputed that the district court did not enter a preliminary order of forfeiture before sentencing and judgment. Nor were proper remedial actions, such as amendment of the sentence pursuant to Rule 35, timely pursued under the Federal Rules of Criminal Procedure. Because the appellants’ sentences became final for purposes of Rule 32.2 before the district court entered the preliminary order of forfeiture, I would hold that the district court did not have authority to enter the preliminary and final orders of forfeiture in 2007 and the amended judgments in 2010, and therefore the district court’s orders and amended judgments should be vacated.
In order to reach its conclusion that the appellants must forfeit their property despite no discussion about forfeiture at their sentencing hearings and no inclusion of forfeiture in their written judgments, the majority relies heavily on Dolan v. United States, — U.S. -, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010). That case held that a statutory deadline to order restitution “does not deprive the court of the power to order restitution,” id. at 2539, “where ... the sentencing court made clear prior to the deadline’s expiration that it would order restitution, leaving open (for more than 90 days) only the amount,” id. at 2537. Dolan, however, does not stand for the majority’s contention that as long as the defendant has notice that a penalty would be ordered, the sentencing court retains authority to impose such penalty after the relevant statutory deadline. See supra at 307 (“[Mjissing the deadline set in Rule 32.2 does not deprive a district court of jurisdiction to enter orders of criminal forfeiture so long as the sentencing court makes clear prior to sentencing that it plans to order forfeiture.”). The Dolan decision is much narrower: the sentencing court retains authority to determine the amount of a penalty after the relevant statutory deadline when the sentencing court makes the defendant aware at sentencing that the defendant will be subject to that penalty. The majority takes Dolan out of its context and gives its narrow holding breadth in a qualitatively different area of the law. I respectfully dissent.
There are two differences between the present case and Dolan that I believe warrant vacatur of the district court’s orders. First, Dolan was narrowly conscribed to cover only restitution cases in which the amount of the penalty — not the fact of the penalty itself — was left blank. Second, the restitution and forfeiture statutory schemes have different purposes and structures. I deal with each in turn.
I.
It is incontrovertible that forfeiture was included neither in the oral sentence nor in *311 the written judgment for any of the appellants. The factual difference from Dolan is striking. Both Dolan’s sentence and order of judgment state that he was going to be subject to restitution; it was only the amount of the penalty that was left open. The difference between not knowing the amount of a punishment, as in Dolan, and not being subject to a punishment at all, as here, is a difference in kind, not degree. It is true, as the majority notes, the appellants were on notice that their sentences would include forfeiture. See supra at 307-08. But being sentenced with judgment entered against you is likewise fundamentally different from being on notice that you may be sentenced. Under the majority’s holding, it seems that after a defendant “has served his entire sentence — and who knows how long after? — a court might still order additional imprisonment, additional restitution, an additional fine, or an additional condition of supervised release.” Dolan, 130 S.Ct. at 2548 (Roberts, C.J., dissenting).
Careful parsing of Dolan and the precedent in the asset-forfeiture context reveals that these decisions are all meant to solve a very particular problem of court management: ensuring efficient use of the court’s time while not sacrificing the accuracy of its punishments. The Dolan Court tells us that its decision covers the case in which “a judge who (currently lacking sufficient information) wishes to leave open, say, the amount of a fine, or a special condition of supervised release.” Id. at 2543. What’s needed in such cases is to give judges the flexibility to “essentially fill in an amount-related blank in a judgment that made clear that restitution was applicable.” Id. at 2544. The significant difference in the appellants’ cases is that it wasn’t just the amount of the forfeiture that they awaited, it was the very fact of forfeiture that was left open by the sentencing hearing and the judgment.
Critically, Rule 35 is squarely at issue on these facts, although it is not addressed by the majority. See Fed.R.Crim.P. 35(a) (2008) (“Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.”). That Rule 35 is so squarely presented here highlights the legal difference between merely filling in “amount-related blank” and issuing a punishment. Because the Dolan district judge was merely filling in an amount-related blank, Rule 35 did not apply: there was no error to correct in the sentence. Dolan, 130 S.Ct. at 2544. While the only timing rule at stake in Dolan was the 90-day limit for determining the amount of restitution imposed by 18 U.S.C. § 3664(d)(5), we are faced here with the passing of not only Rule 32.2’s requirement, but also the elapsing of the time-frame in which a court may amend a sentence. There are significant differences between Rule 32.2 and Dolan’s restitution statute, which I address in Part II, infra. More troubling, however, is the fact that the majority’s ruling essentially reads Rule 35 out of the Federal Rules of Criminal Procedure.
I agree with the consensus view that a violation of Rule 32.2 without more does not necessarily void an order of forfeiture for lack of authority. See, e.g., United States v. Yeje-Cabrera, 430 F.3d 1, 6, 14, 16 (1st Cir.2005); United States v. Bennett, 423 F.3d 271, 272 (3d Cir.2005). Two avenues exist for a court to remedy a failure to include forfeiture in a defendant’s sentence. As already mentioned, Rule 35 is one such path. And Rule 36 provides another: “[Ajfter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record *312 arising from oversight or omission.” Fed. R.Crim.P. 36 (2010).
Here, the district court did amend its judgment some four years after its initial entry when it discovered its error through the appellants’ motion to vacate the orders of forfeiture. Rule 36 indeed states explicitly, “at any time,” and the 2009 amendments to Rule 32.2 make clear that a district court may correct its failure to include the forfeiture order in the judgment “at any time” through the use of Rule 36. See Fed.R.Crim.P. 32.2(b)(4)(B) (2010). But far in advance of the amendment of judgment, the seven-day window to amend the oral sentences had closed, and the appellants’ sentences had become final. By modifying its judgments four years after sentencing through Rule 36, the district court attempts to sweep Rule 35 under the rug. The fact that the court modified judgment some four years later via Rule 36’s “at any time” allowance cannot trump Rule 35’s seven-day window to correct a “clear error” in sentencing. Rule 35 would never be necessary if we so broadly read Rule 36’s corrective power. To allow such backdoor routes would cast Rule 35 out of the Federal Rules of Criminal Procedure and undermine the finality of criminal sentences. See United States v. Pease, 331 F.3d 809, 816 (11th Cir.2003) (“Rule 36 can be used to correct ‘clerical’ errors; it cannot be used, as it was here, to make a substantive alteration to a criminal sentence.”) (citing United States v. Whittington, 918 F.2d 149, 151 (11th Cir.1990); United States v. Werber, 51 F.3d 342, 347 (2d Cir.1995)) (“Rule 36 is not a vehicle for the vindication of the court’s unexpressed sentencing expectations, or for the correction of errors made by the court itself.”) (internal quotation marks omitted).
It is therefore not the violation of Rule 32.2’s command alone that compels vacatur. That violation, coupled with expiration of Rule 35’s timeline, is determinative. Rule 35 “only makes sense against a background rule that trial courts cannot change sentences at will.” Dolan, 130 S.Ct. at 2548 (Roberts, C.J., dissenting). An imposed sentence is final subject only to the exceptions that Congress has explicitly permitted. United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Before Rule 35 was adopted, “trial courts had no ... authority” to modify imposed sentences. Id. at 189 n. 16, 99 S.Ct. 2235. Yet today’s majority would read Rule 35 to say that trial courts have authority to amend sentences at any time — the clear textual limit of seven days notwithstanding and despite the Supreme Court’s clear command that Rule 35’s time limit is “jurisdictional and may not be extended.” Id. at 189, 99 S.Ct. 2235.
It is telling that the majority does not cite to any precedent in the forfeiture context for its holding. In all other cases on missed Rule 32.2 deadlines, even in the most egregious factual scenarios, there is at least a discussion at the sentencing hearing in which the court confirms that the defendant will be subject to forfeiture. See, e.g., United States v. Grasso, 376 Fed.Appx. 166, 167 n. 1 (3rd Cir.2010); Brief of Appellee at 19, United States v. Ereme, 339 Fed.Appx. 340 (4th Cir.2009) (No. 08-5094), 2009 WL 958911 at *19 (defense acknowledged at sentencing that “[t]he defendant has already been the subject of a forfeiture order for $367,500, which will indeed bankrupt the defendant if it’s permitted”).
Furthermore, the changes wrought by the 2009 amendments to the Federal Rules of Criminal Procedure do not support the majority’s position, as it contests, see supra at 309; the amendments support the view that the present facts are beyond the *313 pale. The amended Rule states, “The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing.” Fed. R.Crim.P. 32.2(b)(4)(B) (2010) (emphasis added). There is nothing in the record that demonstrates that the sentencing court ensured that the defendants knew of forfeiture. The Rule does not say that notice from previous hearings suffices. Furthermore, the amended rule, relied upon by the Grasso court, 376 Fed.Appx. at 168, highlights the important factual difference between the present case and Grasso and Ereme. In the latter cases, forfeiture was discussed at the hearing, demonstrating the defendant’s knowledge that forfeiture was going to be imposed. The Rule certainly could have been written so that it would be sufficient that a defendant is on notice of a penalty of forfeiture. It, however, was not so written.
The only case factually identical to this one is a reported district court case from this Circuit. See United States v. King, 368 F.Supp.2d 509 (D.S.C.2005). The King court found it had no authority to enter a preliminary order of forfeiture after sentencing when forfeiture had not been raised at sentencing or entered in the judgment. (The court went further to conclude that Rule 36 cannot be used to substantively alter a defendant’s sentence. Id. at 512; see infra Part I.B. (discussing Rules 35 and 36).) Crucially, “the government ... raised no issue regarding forfeiture at sentencing.” Id. at 512-13. The record below makes it clear that forfeiture was not mentioned at sentencing, nor made part of the oral sentence, nor included in the judgment of the court. Indeed, under the pre-2010 revisions to Rule 32.2, “[w]hile it is not expressly stated in the Rule, most courts hold that the provision in Rule 32.2(b)(3) requiring the forfeiture order to be made part of the sentence means that the court must mention the forfeiture when the sentence is orally announced.” Stefan D. Cassella, Asset Forfeiture Law In The United States 600 (2007).
A defendant’s interest in the finality of his sentence is greater in cases in which there is no indication in the sentence or the judgment that the defendant is subject to a certain sanction than cases like Dolan in which the sentencing court and the judgment both state that the defendant is subject to a certain sanction in an amount to be determined later. Rule 35’s time limits, even if they don’t apply to the “filling in the blanks” of a restitution order included in the sentence and in the judgment, must surely apply in force to the simple fact of forfeiture. Contrary to the Dolan dissent’s view, a defendant’s interest in the finality of his sentence was not squarely presented in that case as it is here.
II.
Despite the majority’s reliance on Dolan ’s policy factors, many of those factors actually have little relevance in the forfeiture context or they favor the appellants in this case. Even if I were to conclude that Dolan’s framework covered the instant case despite the fact that this isn’t a “fill in the blank” case, I would hold that the six policy and statutory-purpose considerations of Dolan compel vacatur of the forfeiture orders and amended judgments.
First, the Dolan Court relied heavily on the importance of full compensation of victims in restitution cases. 130 S.Ct. at 2540 (“[T]he statute seeks speed primarily to help the victims of crime and only secondarily to help the defendant.”). In Dolan, victims of the crime would be prejudiced if the Court had vacated the untimely restitution order. The same concern for vie *314 tims does not explicitly appear in the criminal forfeiture statutes. To the extent that third parties are contemplated by the forfeiture scheme, their rights are injured by the majority’s conclusion that there is no force behind Rule 32.2’s deadline. The forfeiture rule provides that the preliminary oi'der of forfeiture becomes final as to the defendant at the time of sentencing. Fed.R.Crim.P. 32.2(b)(4)(A). What this means is that thereafter a third party may challenge the forfeiture order before it becomes final in order to dispute, say, ownership of the property subject to forfeiture. See id. Insisting on a prompt date for the preliminary order protects third-party interests and promotes judicial efficiency. The problem before Rule 32.2(b) was that “third parties who might have an interest in the forfeited property are not parties to the criminal case. At the same time, a defendant who has no interest in property has no incentive, at trial, to dispute the government’s forfeiture allegations.” Fed.R.Crim.P. 32.2 (2000 advisory committee’s note). Rule 32.2(b) aligns the incentives of the parties, provided that the preliminary order of forfeiture becomes final as to the defendant at a specific time — at sentencing.
That the order of forfeiture becomes final as to the defendant at sentencing is in stark contrast to the restitution framework, which allows the trial court to go forward with sentencing while delaying the restitution order for 90 days. 18 U.S.C. § 3664(d)(5) (2010). This difference puts Rule 35 squarely in play in the forfeiture context, whereas it is practically mooted by § 3664(d)(5)’s 90-day allowance to enter the amount of the victim’s losses. Again, it is not solely Rule 32.2’s structure that compels the conclusion that the orders must be vacated; it is Rule 32.2 read in conjunction with Rule 35 that mandates such an outcome.
The second and fourth Dolan grounds discussed by the majority are the purpose of the statutory scheme. The primary purpose of forfeiture is to punish and deter criminals, not compensate injured third parties, as is the goal of the restitution statute. The majority is right when it argues that “the substantive purpose of criminal forfeiture is ... to deprive criminals of the fruits of their illegal acts and deter future crimes.” Supra at 309. But the same, of course, could be said for any criminal punishment for crimes involving illicit gains. It cannot mean that all deadlines for imposing sentences can be waived because of that undeniably important goal. It was the rights of third parties- — -victims of defendants — that the Dolan decision sought to protect; if it sought to promote general deterrence and the punishment of wrongs, such promotion was only ancillary.
The third Dolan ground the majority discusses is the fact that “there is no indication that the purpose of the deadline set in Rule 32.2 is to provide defendants with certainty as to the amount of the liability.” Supra at 309 (emphasis added). Of course, the issue isn’t whether Rule 32.2’s purpose is to provide certainty with respect to the amount of liability — this is not a “fill in the blank” case like Dolan — -it is whether Rule 32.2, when read with Rule 35, is intended to provide certainty to the defendant as to whether she is subject to that punishment at all.
The fifth ground discussed by Dolan and noted by the majority is that similar statutes have been interpreted similarly. This merely assumes the answer to the very question that we are trying to answer today: are the forfeiture statute and Rule 35 similar enough to the restitution framework to warrant the application of Dolan?
The sixth ground of Dolan cited by today’s majority is that the appellants could have prevented any harm by objecting to *315 their sentences’ “lack of finality as to the forfeiture orders.” Supra at 309. To put it less charitably, the majority expects defendants to object at their sentencing on the grounds that a particular punishment they thought might be imposed has not actually been imposed. Apart from the oddity of requiring a defendant to ask the court for a harsher sentence, this logic undermines our adversarial system by forcing a defense attorney to alert the court of the prosecutor’s oversights. See, e.g., Tx. Eth. Op. 504 (defense counsel has no duty to correct mistakes made by prosecutor in court about prior convictions of defendant). The district court, at each of the appellants’ sentencing hearings, asked the government if anything else needed to be ruled on, and the government in each instance replied in the negative. J.A. 586 (Martin); J.A. 688 (Bynum); J.A. 788-89 (Goodwin). The government also had an opportunity to correct the court’s mistake through use of an 18 U.S.C. § 3742 appeal, but it chose not to. See Pease, 331 F.3d at 811-12 (government could not use Rule 36 to amend the judgment correcting a sentence that did not mention forfeiture when government did not use appeal under § 3742). To insist a defense attorney should object when a sentence is not as high as she expected violates the principle of zealous advocacy required by our adversarial system.
Taken as a whole, the policy and structural considerations determinative in Dolan either have little import in the forfeiture context or actually support the appellants’ case. Even if I were to conclude that these facts present a Dolan issue with respect to Rule 32.2 alone, I would find the differences between the forfeiture and restitution schemes command vacatur of the district court’s orders.
III.
Congress surely did not want criminals to retain the profit of their illegal enterprises — certainly not anymore than they want criminals to serve a shorter sentence than was intended by the sentencing judge. Yet Congress also values the finality of a sentence. The Federal Rules of Criminal Procedure provide for the correction of oversights in sentencing and in judgments. The district court here did not timely avail itself of these correctives. As such, I would find that the district court had no authority to enter the preliminary order of forfeiture after the sentence became final, nor did it have authority to issue its final order of forfeiture. I would therefore vacate the amended judgments and orders of forfeiture.