[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13808
Non-Argument Calendar
_____

D.C. Docket No. 9:99-cr-08078-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ANDREW KINSEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 8, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

William Andrew Kinsey, III, a federal prisoner proceeding pro se, appeals the district court's order denying his motion under Federal Rule of Civil Procedure 36 to correct alleged clerical errors in both the presentence investigation report (PSI) and the judgment below.  In 2000, following a jury trial, Kinsey was convicted of six counts of robbery, in violation of 18 U.S.C. § 1951(a) (also known as Hobbs Act robbery), and six counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  The district court sentenced him to a total of 1,655 months in prison, and we affirmed his sentence on direct appeal. *United States v. Kinsey*, 250 F.3d 750 (11th Cir. 2001) (table decision).

Between February 2002 and March 2014, Kinsey filed multiple post-conviction motions seeking relief, including an October 2009 "motion to review clerical error," all without success.  The instant motion was filed in August 2014. Kinsey argued the district court's judgment and the PSI should have listed Kinsey's robbery convictions as violations of §§ 1951(b)(1) and (3) in addition to § 1951(a).  He further asserted that both the judgment and the PSI should have described his § 924(c) offense in either the same terms as the jury instructions or the same terms as certain of the district court's preliminary remarks at his sentencing hearing.  Finally, Kinsey claimed that his address as shown in the PSI was incorrect.

2

The district court concluded that (1) there were no errors in the judgment or the PSI regarding either the statutes cited or the descriptions of the two offenses, and (2) Kinsey failed to explain why the address listed in the PSI was incorrect. Alternatively, the district court found Kinsey's motion was an impermissible collateral attack on the judgment on grounds previously rejected by the court. Reasoning the law of the case doctrine should prevent further litigation on the clerical error issue, the district court dismissed Kinsey's motion. On appeal, Kinsey asserts the same arguments made below. After consideration of the parties' briefs and the record on appeal, we affirm for the reasons set forth herein.

A district court's application of Rule 36 to correct its judgment after sentencing is reviewed de novo. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (per curiam). Pursuant to Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error is "minor and mechanical in nature." *Portillo*, 363 F.3d at 1165. "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence.'" *Id.* at 1164 (quoting *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003)).

Two statutes underlie Kinsey's conviction. The first, § 1951(a), imposes federal liability on whoever, by robbery or extortion, "obstructs, delays, or affects

3

commerce or the movement of any article or commodity in commerce."
Subsections (1) through (3) of § 1951 define the terms "robbery," "extortion," and
"commerce" as used in that statute. *See* § 1951(b)(1)–(3).  The second, § 924(c),
provides that "any person who, during and in relation to any crime of violence . . .
uses or carries a firearm, or who, in furtherance of any such crime, possesses a
firearm" shall be sentenced to a term of imprisonment. *See id.* § 924(c)(1)(A).

The judgment at issue describes the nature of the six robbery offenses as
"Interference with Commerce by Threats [or] Violence" in violation of § 1951(a)
and the six corresponding firearm charges as "Using and [Carrying] a Firearm
[During] and in Relationship to a Crime of Violence" in violation of § 924(c).  The
PSI similarly refers only to § 1951(a) and also describes the firearm charges as
"[u]sing and carrying a firearm during and in relationship to a crime of violence."
Kinsey takes issue with the lack of citations to §§ 1951(b)(1), (3) in the judgment
and the PSI as well as the absence of the term "possession" or "possessing" in the
documents' description of his § 924(c) offense.  Kinsey has failed to establish that
either the judgment or the PSI needs correcting.

Regarding his Hobbs Act robbery violations, both the judgment and the PSI
correctly list § 1951(a) as the statute violated.  Subsection 1951(a) sets forth the
substantive offense made criminal by § 1951.  Subsections 1951(b)(1)–(3), on the
other hand, provide section-specific definitions for the terms used in subsection (a).

4

Subsections 1951(b)(1) and (3) construe § 1951(a)'s substantive offense and are not "other actual crimes" wrongly omitted from either the judgment or the PSI.

An apparent scrivener's error in the district court's order has caused some confusion on appeal. In its order, the district court states, "[Kinsey] complains that the Judgment only lists 18 U.S.C. Section 1951(a) and not 1951(b)(1) and (3), but b(1) and (3) are definitions for robbery and commerce; (b)(1) [sic] is the actual crime." Kinsey argues the district court's order, as written, supports his arguments on appeal.[1] Based on the language of § 1951 and our court's interpretation thereof, the final phrase was evidently written in error. Section § 1951(a) is, to borrow a phrase from the district court, the actual crime. *See, e.g.*, *United States v. Gray*, 260 F.3d 1267, 1272 (11th Cir. 2001) (citing § 1951(a) as the Hobbs Act). Kinsey cannot find support for his arguments on appeal in this typographical error.

There is also no error in the descriptions of Kinsey's firearm offense. Section 924(c) requires a term of imprisonment be imposed upon any person who "during and in relation to any crime of violence . . . uses or carries a firearm, **or** who, in furtherance of any such crime, possesses a firearm." § 924(c) (emphasis added). As noted above, the description of the offense in both the judgment and

---

[1] Adding to the confusion, the government's brief inexplicably contends that § 1951(a) supplies the definition for "robbery," that § 1951(b)(1) establishes a Hobbs Act robbery, and that § 1951(a) need not be included in either the PSI or the judgment. Such assertions are rendered incorrect by the text of § 1951. It is unclear why the government did not explain the district court's obvious typographical error and chose instead to rely on it. Regardless, our readings of the judgment and the PSI are supported by both the statute and the record on appeal.

the PSI refers to Kinsey's using and carrying a firearm during and in relation to a crime of violence. Kinsey takes issue with omission of the term "possession" or "possessing" from the description and, to a certain extent, argues the description should include reference to a "knowing" violation.[2]

Section 924(c) is a disjunctive statute. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996). It requires the government to establish the defendant "used, carried **or** had actual or constructive possession of [a] firearm." *United States v. Farris*, 77 F.3d 391, 395 (11th Cir. 1996) (emphasis added). As such, a defendant may be convicted under the "use" prong, the "carry" prong, or the "possession" prong of § 924(c). *See id.* at 395–96. Further, both the "use" and the "carry" prongs require something beyond mere possession. *See United States v. Montano*, 398 F.3d 1276, 1281 (11th Cir. 2005) (per curiam); *United States v. Diaz-Boyzo*, 432 F.3d 1264, 1270 (11th Cir. 2005) (per curiam).

According to the indictment against him, Kinsey was charged with "us[ing], carry[ing], or possess[ing]" a firearm in furtherance of a prosecutable crime of

---

[2] Kinsey argues the violation as described in the judgment and the PSI should track with the jury instructions below or the district court's "oral sentence." However, Kinsey provides no authority in support of this proposition. Further, it is unclear what Kinsey means by "oral sentence." Kinsey directs us to the district court's statement at his sentencing hearing that "Kinsey [was] before the Court having been found guilty [by the jury] of . . . six counts of using a firearm in relation to a crime of violence." He implicitly invokes those cases where an oral sentence differed from the sentence set forth in the judgment, *see Portillo*, 363 F.3d at 1164 ("[A] district court may correct 'clerical' errors in the written judgment at any time under Rule 36, for example, to ensure that the judgment is in accord with the oral sentence."), but those cases do not apply here, *cf. United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). The district court's introductory remarks do not amount to an "oral sentence" and, in any event, do not conflict with the description of Kinsey's offense in either the judgment or the PSI.

violence.  The jury was instructed that "it is a separate offense for anyone to use, carry or possess a firearm in furtherance of [a crime of violence]."  As stated in the judgment and the PSI, Kinsey was convicted of "using and carrying a firearm during and in relationship to a crime of violence."  A finding under § 924(c) that a defendant used and/or carried a firearm in relation to a crime of violence is sufficient to support a conviction under the statute.  Therefore, the nature of Kinsey's convicted offense is sufficiently described by both the judgment and the PSI, and there is no clerical error in either that necessitates correction.

Finally, Kinsey has not shown the legal address identifying him in the PSI is the result of a clerical error and must be corrected.  Kinsey contends his street address in the PSI should read "391 West 22nd Street."  (The PSI lists Kinsey's street address as "391 West 27th [sic] Street.")   However, Kinsey does not allege why the address as listed is incorrect or on what basis it need be changed.  A single sentence on this issue, without further argument or context, appears in each of Kinsey's briefs on appeal.[3]  Even while we construe Kinsey's arguments liberally, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam), there is simply no support for Kinsey's bare assertion that the judgment or the PSI must be corrected to reflect "391 West 22nd Street" as "the correct address."

---

[3] In his opening brief, Kinsey states, "If the appellants [sic] correct address is 391 West 22nd Street, Riviera Beach, Fl. 33404, then it should reflect just that in the [PSI]."  His reply brief provides simply, "On page 3 needs to document on record the correct address of 391 West 22nd Street, Riviera Beach, Fl. 33404."

Therefore, for the reasons set forth above, we affirm the district court's

denial of Kinsey's Rule 36 motion to correct.[4]

**AFFIRMED.**

---

[4] Because we find the district court properly denied Kinsey's motion on its merits, we do not and need not consider the district court's alternative holdings. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008) ("We can uphold the decision of the district court on any grounds that appear in the record.").