[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12539
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00658-LSC-GMB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE LAMAR MULLINS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 7, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Maurice Mullins, Jr. pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He now appeals, arguing that his sentence was substantively unreasonable and that the district court made a clerical error in its written judgment.  After careful review, we affirm Mullins's sentence but remand with instructions to correct the clerical error in the district court's written judgment.

**I**

A federal grand jury charged Mullins with one count of knowing possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Mullins pleaded guilty to this offense.  The presentence investigation report noted that Mullins had various pending state charges—five of which related to a single incident on July 25, 2019 in Birmingham, Alabama.

At sentencing, Detective Brandon Hill of the Birmingham Police Department provided the following testimony about the events that occurred on July 25, 2019.  In the course of investigating the robbery of an adult male and juvenile female, Detective Hill learned that the victims had a disagreement with their landlord over rent money.  The landlord left and two men arrived at the location.  The two men forced the male victim into the house at gunpoint and assaulted both the male and female juvenile victim, shooting them several times with a BB or pellet gun.  The two men also stole a cell phone and wallet.  Both

2

victims received treatment at the hospital; the male victim suffered extensive injuries. The landlord's boyfriend, Mullins, was later identified as one of the two men who shot at the victims with the BB or pellet gun.

The district court concluded that a sentence within the 57–71 month guideline range would be "absolutely unreasonable" when considering the nature and circumstances of the offense as well as Mullins's history and characteristics, including the July 25, 2019 incident. The district court thus sentenced Mullins to the statutory maximum of 120 months' imprisonment, followed by 3 years of supervised release. The district court further explained:

> I will order that [Mullins's] time in prison run concurrent with those state cases that are referred to in paragraphs 40 through 43 [of the PSI]. I don't think I have missed one, but if I have, then it may be 39 through 43. But they are all right there together, *the ones that occurred on July 25th, 2019*, as I have, in fact, considered those in this sentence, and it would only be fair that they run concurrent if the state does prosecute him for those.

Doc. 29 at 18–19 (emphasis added).

Though the district court's oral order had referenced all five of Mullen's pending state court cases based on what "occurred on July 25th, 2019," the district court's written judgment indicated that Mullins's 120-month imprisonment "shall run concurrent" with four of his pending state cases. The district court also filed a statement of reasons, explaining that it imposed the statutory maximum sentence to: (1) reflect the seriousness of the offense, promote respect for law, and provide

3

just punishment for the offense, § 3553(a)(2)(A), (2) afford adequate deterrence to criminal conduct, § 3553(a)(2)(B); and (3) protect the public from further crimes of the defendant, § 3553(a)(2)(C).  Mullins now appeals.[1]

## II

Mullins argues both that his 120-month sentence is substantively unreasonable and that the district court committed a clerical error in the written judgment.  We address each argument in turn.

## A

Mullins argues that his 120-month sentence is substantively unreasonable because the district court failed to reasonably weigh and balance the 18 U.S.C. § 3553 factors.  He contends in particular that the district court gave the July 25, 2019 incident undue weight.  Mullins also argues that the "fact that Congress has authorized punishment up to the maximum does not mean that an ordinary offense justifies extraordinary punishment."  Instead, Mullins asserts, the district court should have balanced its concerns about his history against "considerations like the nature of the offense, the evidence-based policies in the Sentencing Guidelines,

---

[1] Before the district court, Mullins's attorney requested that the court sentence him to 57 months' imprisonment.  By "advocat[ing] for a sentence shorter than the one ultimately imposed," Mullins has preserved a substantive reasonableness challenge to that sentence.  *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020).  We review the reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), and a district court's application of Federal Rule of Criminal Procedure 36 de novo.  *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016).

and the need to avoid unwarranted disparities, each of which suggested that more moderate punishment was appropriate."

We review a "sentence's substantive reasonableness under the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (quotation marks omitted). Although "an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," we vacate the sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (quotation marks omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court did not abuse its discretion in sentencing Mullins to 120 months' imprisonment. First, the record reflects that the district court considered the § 3553(a) factors. Second, the district court did not weigh the factors improperly. Given the violent nature of Mullins's assault and theft on July 25, 2019, the district court was entitled to afford considerable weight to his personal

5

history and characteristics. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) ("Although the district court must evaluate all § 3553(a) factors in imposing a sentence, it is permitted to attach great weight to one factor over others." (quotation marks omitted)). We will not substitute our judgment for the district court's by affording more weight to the factors identified by Mullins—the nature of the offense, the evidence-based policies in the Sentencing Guidelines, and the need to avoid unwarranted disparities. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Further, the district court offered a sufficiently compelling justification for its upward variance. *See Early*, 686 F.3d at 1221. The pending state charges arising out of the July 25, 2019 incident—which Mullins concedes the district court could consider—involved violent assault and theft that relates to *several* § 3553(a) factors, including the "history and characteristics of the defendant," as well as the need for the sentence to "promote respect for the law," and "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1)–(2). We have affirmed as reasonable upward variances of a similar and even greater degree. *See United States v. Brown*, 772 F.3d 1262, 1267 (11th Cir. 2014) (affirming a 240-month sentence where the advisory guidelines range was 78 to 97 months); *Overstreet*, 713 F.3d at 639–40 (affirming a 420-month sentence where the advisory guidelines range was 180 to 188 months).

6

**B**

Mullins also argues that this Court should vacate his judgment and remand for the purpose of allowing the district court to correct a clerical error in its judgment.

Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  "[A] district court may correct clerical errors in the written judgment at any time under Rule 36 . . . to ensure that the judgment is in accord with the oral sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotation marks omitted).  A district court retains jurisdiction to correct clerical errors.  *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003); *see also United States v. Hatcher*, 323 F.3d 666, 673–74 (8th Cir. 2003).

The parties agree that the district court's written judgment does not match its oral pronouncement of Mullins's sentence.  At sentencing, the district court stated that Mullins's federal sentence was to be served concurrent to any sentences imposed for cases arising out of the July 25, 2019 incident.  The district court's written judgment references only four of those state cases.  We thus affirm Mullins's sentence but remand with instructions to correct the clerical error in the district court's written judgment.

**AFFIRMED IN PART AND REMANDED IN PART.**